IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HYSITRON INCORPORATED, <br> a Minnesota corporation, <br><br> Plaintiff, <br><br> v. <br><br> MTS SYSTEMS CORPORATION, <br> a Minnesota corporation, <br><br> Defendant. | Civil Action No. _____ <br><br><br> **COMPLAINT** <br><br> (Jury Trial Demanded) |

Hysitron Incorporated, for its Complaint against MTS Systems Corporation, states:

## THE PARTIES

1. Plaintiff, Hysitron Incorporated ("Hysitron"), is a corporation organized and existing under the laws of Minnesota and having a principal place of business in Eden Prairie, Minnesota.

2. Defendant, MTS Systems Corporation ("MTS"), is a corporation organized and existing under the laws of Minnesota and having a principal place of business in Eden Prairie, Minnesota.

## JURISDICTION AND VENUE

3. This is a case for patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 271, *et seq.* This Court has subject matter jurisdiction over Hysitron's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant by virtue of Defendant's incorporation under the laws of the State of Minnesota, Defendant's maintenance of its headquarters in the State of Minnesota, and Defendant's continuous and systematic contacts with the State of Minnesota.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and § 1400 (b).

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 6,026,677

6. On February 22, 2000, United States Patent No. 6,026,677 ("the '677 patent"), entitled APPARATUS FOR MICROINDENTATION HARDNESS TESTING AND SURFACE IMAGING INCORPORATING A MULTI-PLATE CAPACITOR SYSTEM was duly and legally issued to Hysitron as assignee of the inventor, Wayne A. Bonin. Hysitron is the owner of the entire right, title and interest in and to the '677 patent, and has been and continues to be the owner. A copy of the '677 patent is attached as Exhibit A and is incorporated by reference.

7. Defendant has directly infringed, induced infringement, and contributed to the infringement of the '677 patent through the manufacture, use, sale, and offer for sale of indentation testing devices with a scanned probe microscope apparatus, including NANO Vision™, as well as Defendant's manufacture, use, sale, and offer for sale of scanned probe microscope apparatuses, including NANO Vision™, to be used with indentation testing devices.

8. Hysitron has been damaged by Defendant's infringement of the '677 patent and will continue to be damaged in the future and suffer irreparable injury unless Defendant is enjoined from infringing, inducing the infringement, and contributing to the infringement of the '677 patent.

9. Hysitron has satisfied the requirements of 35 U.S.C. § 287(a) by marking its products to indicate that the products are covered by the '677 patent.

10. Defendant's infringement of the '677 patent has been willful and will continue to be willful unless the Defendant is enjoined from further infringement of the '677 patent.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 5,553,486

11. Paragraphs 1 through 5 are incorporated by reference and made a part of this Count.

12. On September 10, 1996, United States Patent No. 5,553,486 ("the '486 patent"), entitled APPARATUS FOR MICROINDENTATION HARDNESS TESTING AND SURFACE IMAGING INCORPORATING A MULTI-PLATE CAPACITOR SYSTEM was duly and legally issued to Hysitron as assignee of the inventor, Wayne A. Bonin. Hysitron is the owner of the entire right, title and interest in and to the '486 patent, and has been and continues to be the owner. A copy of the '486 patent is attached as Exhibit B and is incorporated by reference.

13. Defendant has directly infringed, induced infringement, and contributed to the infringement of the '486 patent through the manufacture, use, sale, and offer for sale of indentation testing devices with a scanned probe microscope apparatus, including NANO Vision™, as well as Defendant's manufacture, use, sale, and offer for sale of scanned probe microscope apparatuses, including NANO Vision™, to be used with indentation testing devices.

14. Hysitron has been damaged by Defendant's infringement of the '486 patent and will continue to be damaged in the future and suffer irreparable injury unless Defendant is

enjoined from infringing, inducing infringement, and contributing to the infringement of the '486 patent.

15. Hysitron has satisfied the requirements of 35 U.S.C. § 287(a) by marking its products to indicate that the products are covered by the '486 patent.

16. Defendant's infringement of the '486 patent has been willful and will continue to be willful unless the Defendant is enjoined from further infringement of the '486 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hysitron prays for the following relief:

A. A judgment that Defendant has infringed, induced infringement, and contributed to the infringement of United States Patent No. 6,026,677.

B. A judgment that Defendant's infringement of United States Patent No. 6,026,677 was willful.

C. A preliminary and permanent injunction enjoining Defendant, its directors, officers, agents, servants, and employees, as well as any other persons in privity or active concert with any of the aforementioned people, from further infringing, inducing the infringement, or contributorily infringing United States Patent No. 6,026,677.

D. The award to Hysitron of all damages, including lost profits, arising from Defendant's infringement of United States Patent No. 6,026,677, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest and costs.

E. The award to Hysitron of pre-judgment interest under 35 U.S.C. § 284 and the further award of post-judgment interest under 28 U.S.C. § 1961 at the maximum rates permitted by law.

F. A judgment that Defendant has infringed, induced infringement, and contributed to the infringement of United States Patent No. 5,553,486.

G. A judgment that Defendant's infringement of United States Patent No. 5,553,486 was willful.

H. A preliminary and permanent injunction enjoining Defendant, its directors, officers, agents, servants, and employees, as well as well as any other persons in privity or active concert with any of the aforementioned people, from further infringing, inducing the infringement, or contributorily infringing United States Patent No. 5,553,486.

I. The award to Hysitron of all damages, including lost profits, arising from Defendant's infringement of United States Patent No. 5,553,486, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest and costs.

J. The award to Hysitron of pre-judgment interest under 35 U.S.C. § 284 and the further award of post-judgment interest under 28 U.S.C. § 1961 at the maximum rates permitted by law.

K. An award of the legal fees incurred by Hysitron in this action, as permitted in exceptional cases by 35 U.S.C. § 285; and

L. Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: *March 14, 2007*

MERCHANT & GOULD P.C.

By: *Allen Hinderaker*
Allen W. Hinderaker, #45287
Tong Wu, MN Reg. #0288974
Todd Werner, MN Reg. #033019X
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-4131
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

ATTORNEYS FOR PLAINTIFF