**UNITED STATES DISTRICT COURT**

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Hysitron Incorporated,<br>a Minnesota corporation, | Court File No. 07-CV-1533 ADM/JSM |
|         Plaintiff, | |
| v. | **ANSWER** |
| MTS Systems Corporation,<br>a Minnesota corporation, | |
|         Defendant. | |

---

COMES NOW the Defendant, MTS Systems Corporation, and for its Answer to Plaintiff's Complaint states and alleges:

1. Denies each and every allegation, matter and thing contained in the Plaintiff's Complaint except as hereinafter admitted, answered or otherwise qualified.

2. MTS Systems Corporation ("MTS") admits the allegations contained in paragraph 1.

3. MTS admits the allegations contained in paragraph 2.

4. MTS admits the allegations contained in paragraph 3.

5. MTS admits the allegations contained in paragraph 4.

6. MTS admits the allegations contained in paragraph 5.

7. With respect to paragraph 6, MTS admits that the United States Patent and Trademark office issued United States Patent No. 6,026,677 ("the '677 patent") to Wayne A. Bonin on February 22, 2000, that the patent is entitled "Apparatus for Microindentation Hardness Testing and Surface Imaging Incorporating a Multi-Plate Capacitor System" and that a copy of the '677 patent is attached

to the Complaint as Exhibit A. MTS is without sufficient information to admit or deny the allegations concerning the ownership of the '677 patent.

8. MTS denies the allegations contained in paragraph 7.

9. MTS denies the allegations contained in paragraph 8.

10. MTS is without sufficient information to admit or deny the allegations contained in paragraph 9.

11. MTS denies the allegations contained in paragraph 10.

12. With respect to paragraph 11, MTS incorporates by reference its above responses to paragraph 1 through 5 of the Complaint of Hysitron, Incorporated ("Hysitron").

13. With respect to paragraph 12, MTS admits that the United States Patent and Trademark office issued United States Patent No. 5,553,486 ("the '486 patent") to Wayne A. Bonin on September 10, 1996, that the patent is entitled "Apparatus for Microindentation Hardness Testing and Surface Imaging Incorporating a Multi-Plate Capacitor System," and that a copy of the patent is attached to the Complaint as Exhibit B. MTS is without sufficient information to admit or deny the allegations concerning the ownership of the '486 patent.

14. MTS denies the allegations contained in paragraph 13.

15. MTS denies the allegations contained in paragraph 14.

16. MTS is without sufficient information to admit or deny the allegations contained in paragraph 15.

17. MTS denies the allegations contained in paragraph 16.

18. MTS alleges as an affirmative defense that it is not infringing and has not infringed, either directly or indirectly, and has not induced infringement, any claim of the '677 patent.

19. MTS alleges as an affirmative defense that it is not infringing and has not infringed, either directly or indirectly, and has not induced infringement, any claim of the '486 patent.

20. MTS alleges as an affirmative defense that the '677 patent is invalid for failure to comply with one or more of the conditions for patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

21. MTS alleges as an affirmative defense that the '486 patent is invalid for failure to comply with one or more of the conditions for patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

22. MTS alleges as an affirmative defense that the '677 patent is invalid because the purported invention was anticipated by prior art, as set forth in 35 U.S.C. §102.

23. MTS alleges as an affirmative defense that the '486 patent is invalid because the purported invention was anticipated by prior art, as set forth in 35 U.S.C. §102.

24. MTS alleges as an affirmative defense that the '677 patent is invalid because the purported invention was obvious to a person having ordinary skill in the art and in light of prior art, as set forth in 35 U.S.C. §103.

25. MTS alleges as an affirmative defense that the '486 patent is invalid because the purported invention was obvious to a person having ordinary skill in the art and in light of prior art, as set forth in 35 U.S.C. §103.

26. MTS alleges as an affirmative defense that the '677 patent is invalid for failure to comply with the requirements of 35 U.S.C. §112.

27. MTS alleges as an affirmative defense that the '486 patent is invalid for failure to comply with the requirements of 35 U.S.C. §112.

28. MTS alleges as an affirmative defense that Hysitron is attempting to enforce a patent it should reasonably know has not been infringed and/or is invalid and, thus, that Hysitron has brought this action with unclean hands rendering the '677 patent unenforceable.

29. MTS alleges as an affirmative defense that Hysitron is attempting to enforce a patent it should reasonably know has not been infringed and/or is invalid and, thus, that Hysitron has brought this action with unclean hands rendering the '486 patent unenforceable.

## **COUNTERCLAIM**

30. MTS incorporates by reference the allegations contained in paragraph 1 through 29 as if fully stated herein.

31. This counterclaim arises under the patent laws of the United States, 35 U.S.C. §§1, *et seq*. This court has subject matter jurisdiction under 28 U.S.C. §1331 and §1338(a).

32. The court has personal jurisdiction over Hysitron; it is incorporated under the laws of the State of Minnesota, it maintains its headquarters in the State of Minnesota and has continuous contacts with the State of Minnesota.

33. Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and §1391(c) and §1400(b).

34. Hysitron alleges that the '677 patent is valid and has been infringed by products manufactured and sold by MTS. MTS, however, contends that the '677 patent is not infringed and is invalid. Accordingly, an actual, justiciable controversy exists between MTS and Hysitron with respect to the validity and infringement of the '677 patent.

35. Hysitron alleges that the '486 patent is valid and has been infringed by products manufactured and sold by MTS. MTS, however, contends that the '486 patent is not infringed and

is invalid. Accordingly, an actual, justiciable controversy exists between MTS and Hysitron with respect to the validity and infringement of the '486 patent.

36. For these reasons, MTS requests a declaratory judgment that both the '677 and '486 patents are invalid and not infringed by MTS's products.

## PRAYER FOR RELIEF

WHEREFORE, MTS prays for judgment dismissing Hysitron's Complaint with prejudice and denying Hysitron any relief whatsoever; declaring the '677 patent to be invalid and not infringed by MTS's products; declaring the '486 patent to be invalid and not infringed by MTS's products; issuing an injunction restraining Hysitron from enforcing, attempting to enforce, or threatening to enforce against MTS, any MTS customer or potential MTS customer of MTS, the '677 patent; issuing an injunction restraining Hysitron from enforcing, attempting to enforce, or threatening to enforce against MTS, any MTS customer or potential MTS customer of MTS, the '486 patent; declaring this matter to be an exceptional case under 35 U.S. §285 and the charges of infringement made by Hysitron herein to have been made in bad faith and awarding MTS its costs, together with reasonable attorneys' fees; and awarding MTS such other relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

MTS demands a trial by jury for all claims triable by jury.

DATED this 12th day of April, 2007.

                              LOMMEN, ABDO, COLE, KING & STAGEBERG, P.A.


                              BY   s/Ehrich L. Koch
                                 Phillip A. Cole, I.D. No. 17802
                                 Ehrich L. Koch, I.D. No. 159670
                                 Attorneys for Defendant
                                 2000 IDS Center
                                 80 South Eighth Street
                                 Minneapolis, MN  55402
                                 (612) 339-8131
                                 FAX: (612) 339-8064