UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| HYSITRON INCORPORATED, a Minnesota corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 07 CV 1533 ADM/AJB |
| Plaintiff, |  |  |
| v. |  |  |
| MTS SYSTEMS CORPORATION, a Minnesota corporation, |  |  |
| Defendant. |  |  |

## RULE 26(f) REPORT

The counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) on May 10, 2007, and prepared the following report.

The pretrial conference in this matter is scheduled for May 29, 2007, at 11:15 a.m. before United States Magistrate Judge Arthur J. Boylan in Suite 720, United States Courthouse, 180 East 5th Street, St. Paul, Minnesota. The parties do not request that the pretrial be held by telephone.

**(a)   Description of Case**

(1)   Concise Factual Summary of Plaintiff's Claims.

Hysitron Incorporated ("Hysitron") is the owner by assignment of United States Patent Nos. 6,026,677 and 5,553,486 entitled "Apparatus for Microindentation Hardness Testing and Surface Imaging Incorporating a Multi-Plate Capacitor System." Hysitron contends that MTS Systems Corporation ("MTS") has directly infringed, induced infringement, and contributed to the infringement of these patents through (1) the manufacture, use, sale, and offer for sale of indentation testing devices with a scanned probe microscope apparatus, including MTS's NANO Vision™, and (2) the manufacture, use, sale, and offer for sale of scanned probe microscope apparatuses, including MTS's NANO Vision™, to be used with indentation testing devices.

(2) <u>Concise Factual Summary of Defendant's Claims/Defenses</u>.

MTS Systems corporation ("MTS") is not infringing and has not infringed, either directly or indirectly, nor induced infringement, any claim of either the '677 Patent or the '486 Patent. MTS contends that both patents are invalid for failure to comply with one or more of the conditions for patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112. MTS additionally requests a declaratory judgment that both the '677 and '486 patents are invalid and not infringed by MTS's products. MTS requests that the court declare this matter to be an exceptional case under 35 U.S. §285, the charges of infringement made by Hysitron herein to have been made in bad faith, and awarding MTS its costs and reasonable attorneys' fees.

(3) <u>Statement of Jurisdiction (Including Statutory Citations)</u>.

This case for patent infringement arises under 35 U.S.C. § 271, *et seq.* The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

(4) <u>Summary of Factual Stipulations or Agreements</u>.

None.

(5) <u>Statement of Whether Jury Trial Has Been Timely Demanded by Any Party</u>.

Both parties have timely demanded a jury trial.

**(b) Pleadings**

(1) <u>Statement of Whether All Process Has Been Served, All Pleadings Filed and Any Plan for Any Party to Amend Pleadings or Add Additional Parties to the Action</u>.

All parties have been served and all pleadings have been filed. Plaintiff Hysitron intends to amend its complaint to assert a claim of trademark infringement under the Lanham Act.

(2) <u>Proposed Date by Which All Hearings on Motions to Amend and/or Add Parties to the Action Shall be Heard</u>.

All motions seeking to add parties or amend pleadings will be filed by June 1, 2007.

**(c) Discovery and Pleading of Additional Claims and Defenses**

(1) Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

(2) Once a party has given the necessary discovery, the opposing party may seek leave of Court to add claims or defenses for which it alleges, consistent with Fed.

R. Civ. P. 11, it has support, and such support shall be explained in the motion seeking leave. Leave shall be liberally given where prima facie support is present, provided that the party seeks leave as soon as reasonably possible following the opposing party providing the necessary discovery.

**(d)** **Fact Discovery**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) All pre-discovery disclosures required by Fed. R. Civ. P. 26(a) (1) shall be completed on or before June 1, 2007.

(2) Fact discovery shall be completed by within ninety (90) days of issuance of the Markman Order.

(3) The parties agree and recommend that the Court limit the use and numbers of discovery procedures as follows:

(A) 25 interrogatories per the Rules;

(B) Unlimited document requests per the Rules;

(C) 10 factual depositions per the Rules;

(D) Unlimited requests for admission per the Rules.

**(e)** **Expert Discovery**

The parties anticipate that they will require expert witnesses at time of trial.

(1) The plaintiff anticipates calling three expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) in the files of materials testing and mechanical imaging, Patent Office procedures and practices, and damages. The plaintiff anticipates, given the nature of the subject matter, that fact witnesses will also qualify as expert witnesses under Federal Rule of Evidence 702 and that reports under Federal Rule of Civil Procedure 26(a)(2)(B) will not be required for those expert fact witnesses.

(2) The defendant anticipates calling three to five expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) in the fields of materials testing, Nanomechanical microscopy/mechanical imaging, Patent Office Procedures and Practices, and damages. The defendant anticipates, given the nature of the subject matter, that fact witnesses will also qualify as expert witnesses under Federal Rule of Evidence 702 and that reports under Federal Rule of Civil Procedure 26(a)(2)(B) will not be required for those expert fact witnesses.

(3) By the close of fact discovery, the parties shall identify to the opposing party the experts who will provide a report that deals with the issues on which that party has the burden of persuasion.

(4) Within 30 days after the close of fact discovery the parties shall exchange initial expert reports, which reports shall be in accordance with Fed. R. Civ. P. 26(a)(2)(B) ("Initial Expert Reports"). The Initial Expert Reports from each party shall deal with the issues on which that party has the burden of persuasion.

(5) Within 30 days after the Initial Expert Reports are exchanged Rebuttal Expert Reports shall be exchanged. Rebuttal Expert Reports shall also be in accordance with Fed. R. Civ. P. 26(a)(2)(B).

(6) Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion is subject to discovery by the opposing party.

(7) The parties shall agree that: (A) drafts of expert reports will not be retained and produced; and (B) inquiry is permitted into whom, if anyone, other than the expert participated in the drafting of his/her report. The Court will not entertain motions on these two issues. In the absence of such an agreement, drafts of expert reports need not be produced, but inquiry into who participated in the drafting and what their respective contributions were is permitted.

(8) All expert discovery shall be completed by one hundred eighty (180) days from the Markman Order.

**(f)** **<u>Discovery Relating to Claim Construction Hearing</u>**

(1) Deadline for Plaintiff's Claim Chart: July 1, 2007.

Plaintiff's Claim Chart shall identify: (1) which claim(s) of its patent(s) it alleges are being infringed; (2) which specific products or methods of defendant's it alleges literally infringed each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present. If there is a contention by Plaintiff that there is infringement of any claims under the doctrine of equivalents, Plaintiff shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, Plaintiff shall also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.

(2) Deadline for Defendant's Claim Chart: August 1, 2007.

Defendant's Claim Chart shall indicate with specificity which elements on Plaintiff's Claim Chart it admits are present in its accused device or process, and which it contends are absent. In the latter regard, Defendant will set forth in detail the basis for its contention that the element is absent. As to the doctrine of equivalents, Defendant shall

indicate on its chart its contentions concerning any differences in function, way, and result, and why any differences are substantial.

(3)  On or before August 15, 2007, the parties shall simultaneously exchange a list of claim terms, phrases, or clauses that each party contends should be construed by the Court. In connection with the preparation of the joint claim construction statement, the parties shall meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clauses which the parties collectively have identified for claim construction purposes.

At the same time the parties exchange their respective "preliminary claim construction" they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learn treatises and prior art, and testimony of percipient and expert witnesses that they contend support their respective claim constructions. The parties shall identify each such items of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

(4)  Following the parties' meet and confer described above, and no later than October 1, 2007, the parties shall notify the Court as to whether they request that the Court schedule a Claim Construction hearing to determine claim interpretation. If any party believes there is no reason for a Claim Construction hearing, the party shall provide the reason to the Court.

At the same time the parties shall also complete and file with the Court a joint claim construction statement that shall contain the following information:

(A)  The construction of those claim terms, phrases, or clauses on which the parties agree;

(B)  Each party's proposed construction of each disputed claim term, phrase, or clause together with an identification of all references from the specification of prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses;

(C)  Whether any party proposes to call one or more witnesses, including experts at the Claim Construction hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

(5) If the Court schedules a Claim Construction hearing, prior to the date of the Claim Construction hearing, the Court shall issue an Order discussing:

    (A) Whether it will receive extrinsic evidence and if so, the particular evidence it will receive;

    (B) Whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants; and

    (C) A briefing schedule.

**(g) Discovery Relating to Validity/Prior Art**

(1) Within (60) days of its receipt of Plaintiff's Claim Chart pursuant to Discovery Plan paragraph (1) Defendant shall serve on Plaintiff a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by Plaintiff ("Defendant's Prior Art Statement").

(2) Within (30) days of its receipt of Defendant's Prior Art Statement Plaintiff shall serve on Defendant "Plaintiff's Prior Art Statement", in which it will state in detail its position on what the prior art relied upon by Defendant shows, if its interpretation differs from Defendant's, and its position on why the prior art does not invalidate the asserted patent claims.

(3) Plaintiff's and Defendant's "Prior Art Statements" can be, but need not be, in the form of expert reports.

(4) The parties may supplement their prior art statements pursuant to Federal Rule of Civil Procedure 26(e).

**(h) Other Discovery Issues**

(1) Defendant may postpone the waiver of any applicable attorney-client privilege on topics relevant to claims of willful infringement, if any, until October 1, 2007, provided that all relevant privileged documents are produced no later than that date. All additional discovery regarding the waiver will take place after October 1, 2007, and shall be completed within ninety (90) days of the Markman Order.

(2) The parties have met and discussed whether any discovery should be conducted in phases to reduce expenses or make discovery more effective and conclude that discovery in phases would not be helpful.

(3) The parties have discussed the entry of a Protective Order, and they jointly submit with this Report a proposed Protective Order, Attachment A.

**(i) Discovery Definitions**

In responding to discovery requests, each party shall construe broadly terms of art used in the patent filed (e.g. "prior art," "best mode," "on sale") and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the responding including a specific definition of the term of art in its response, and limiting its response to that definition.

**(j) Motion Schedule**

(1) The parties recommend that all non-dispositive motions be filed and served on or before the following dates:

    (A) All motions that seek to add parties or amend the pleadings must be served and filed by June 1, 2007.

    (B) All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by the date for completion of expert discovery.

    (C) All non-dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

(2) The parties recommend that all dispositive motions be filed and served by the following dates:

    (A) All dispositive motions shall be served and filed by the parties within sixty (60) days of the completion of expert discovery.

    (B) All dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

**(k) Trial-Ready Date**

(1) The parties agree that the case will be ready for trial on or after _____. The parties seek the Court's advice regarding the Trial Ready Date, given they have proposed that various dates in the schedule be determined by the issuance of the Markman Order. While June 1, 2008, may be a reasonable as a suggested Trial-Ready Date, that depends on the likely timing of the Markman Order.

(2) A final pretrial conference should be held on or before _____. See the parties' comments to (1) above.

**(l) Settlement**

(1) The parties will discuss settlement before May 21, 2007, by Plaintiff making a written demand for settlement and Defendant making a written response.

(2) The parties believe that a settlement conference is not appropriate at this time.

(3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and believe that determination cannot be made at this time.

**(m)** **Trial by Magistrate Judge**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Trial 28, United States Code, Section 636(c). (If the parties agree, the consent should be filled with the Fed. R. Civ. P. 26(f) Report.)

**(n)** **Tutorial Describing the Technology and Matters in Issue**

If the parties believe that a tutorial for the Court would be helpful for the Court, the parties shall simultaneously submit a letter to the Court, asking whether the Court wishes to schedule a tutorial and proposing the timing and format of the tutorial.

**(o)** **Patent Procedure Tutorial**

The parties agree the video "An Introduction to the Patent System" distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

**(p)** **Electronic Discovery and Privilege**

The parties have discussed issues relating to the disclosure and discovery of electronically stored information. They will continue these discussions in the context of requests for production of documents and the better understanding of the scope of electronic documents subject to discovery. The issue of inadvertent production of privileged or trial preparation material is addressed in the parties' proposed Protective Order.

Dated: May 22, 2007                    MERCHANT & GOULD

By:   s/Allen Hinderaker
      Allen W. Hinderaker, #45287
      3200 IDS Center
      80 South Eighth Street
      Minneapolis, MN 55402-2215
      Phone: 612.332.5300
      Fax: 612.332.9081

      Attorneys for Plaintiff
      Hysitron Incorporated

Dated: May 22, 2007                By:    s/Ehrich L. Koch
                                   Phillip A. Cole
                                   Ehrich L. Koch
                                   Lommen, Abdo, Cole, King & Stageberg
                                   2000 IDS Center
                                   80 South Eighth Street
                                   Minneapolis, MN 55402
                                   Telephone:  612. 339.8131
                                   Facsimile:  612.339.8064

                                   Attorneys for Defendant
                                   MTS Systems Corporation