**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____
                                                        )
HYSITRON INCORPORATED,            )     Civil Action No. 07-CV-1533 ADM/AJB
a Minnesota corporation,                    )
                                                        )
            Plaintiff,                                )
                                                        )     **DEFENDANT MTS SYSTEMS**
v.                                                     )     **CORPORATION'S MEMORANDUM IN**
                                                        )     **SUPPORT OF MOTION TO STAY**
MTS SYSTEMS CORPORATION,      )
a Minnesota corporation,                    )
                                                        )
            Defendant.                              )
_____ )

## INTRODUCTION

Plaintiff alleges that MTS Systems Corporation ("MTS") has infringed two of Plaintiff's patents. On May 25, 2007, MTS filed Requests for Ex Parte Reexamination of these patents with the United States Patent and Trademark Office ("PTO"). MTS' requests demonstrate that the claims of the patents-in-suit are invalidated by prior art references which were not provided to the PTO by Plaintiff at the time the patents were prosecuted.

MTS' request for reexamination will likely be granted. The PTO grants more than nine of every ten requests for reexamination. Broadcast Innovation, LLC v. Charter Communications, 2006 WL 1897165, *8, n.8 (D. Colo. 2006), citing United States Patent and Trademark Office, *Ex Parte Reexamination Filing Data*, at 1, ¶ 5 (Sept. 30, 2005).

In the likely event the PTO grants MTS' request, there is a "74% likelihood that the PTO will eliminate, amend, or otherwise limit the claims at issue, which will significantly alter the nature and amount of work for the attorneys, the court and the jury." Broadcast

Innovation, 2006 WL 1897165, at *8, n.8. This compels a stay pending the reexamination to avoid duplicative and unnecessary proceedings.

MTS now respectfully moves this Court for an Order granting a stay of all proceedings in this matter pending reexamination of the two patents-in-suit. Such stays are liberally granted in the early stages of litigation. As the Courts recognize that stays pending reexamination further the interests of judicial economy, conserve the parties' resources and simplify the issues, MTS' motion should be granted.

## PROCEDURAL POSTURE

Plaintiff Hysitron Incorporated (Hysitron) filed this action on March 14, 2007. In its Complaint, Plaintiff alleges MTS directly, indirectly, and contributorily infringed two patents, United States Patent No. 6,026,677 ("the '677 Patent") and United States Patent No. 5,553,486 ("the '486 Patent"). Both patents were assigned to Plaintiff by the inventor.

On May 25, 2007, MTS submitted a Request for Ex Parte Reexamination of both patents. MTS seeks reexamination of claims 1-24 of the '677 Patent. Reexamination of these claims is requested in light of the following references: (1) Todd, J.D. and Pethica J.B., A Shear Model for STM Imaging of Layered Material, J. Phys.: Condens. Matter 1, pp. 9823-9831 (1989); (2) Pethica, J.B. and Oliver, W.C., Tip Surface Interactions in STM and AFM, Physica Scripta, Vol. 119, pp. 61-67 (1987); (3) Oliver et al. U.S. Patent No. 4,848,141; (4) Hansma et al. U.S. Patent No. 4,800,274; (5) Sikorra, U.S. Patent No. 4,196,632.

MTS additionally seeks reexamination of claims 1-3, 5-6, 10-12, 25-27, 31 and 32 of

the '486 Patent.[1]  Reexamination of these claims is requested in light of the same references cited above.

Both of MTS' Requests for Ex Parte Reexamination specifically disclose the subject litigation.

The Court issued the Pretrial Scheduling Order approximately one week ago on May 29, 2007.  The parties have not exchanged discovery other than Rule 26(a) initial disclosures.

**ARGUMENT**

I.  **Motions to Stay Pending PTO Reexamination Are Liberally Favored And Routinely Granted.**

   A.  **Ordering a stay is within the court's power and discretion.**

Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending the conclusion of a PTO reexamination.  3M Innovative Props. Co. v. DuPont Dow Elastomers, LLC, 2005 WL 2216317 (D. Minn. 2005), citing Ethicon Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  The decision whether to grant a motion to stay proceedings is within the court's discretion.  3M Innovative Props. Co., 2005 WL 2216317, at *1; Pacesetter, Inc. v. Cardiac Pacemakers, Inc., 2003 WL 23303473 (D. Minn. 2003), citing Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406

---

[1] The courts recognize that partial stays of only the claims subject to reexamination are essentially impossible.  "Although such circumstances might not present the optimal scenario for granting a stay, there is no obvious better alternative.  *See CNS, Inc. v. Silver Eagle Labs, Inc.*, 2004 WL 3631121, at *1 (D.Minn. Nov. 29, 2004) (noting lack of 'any solutions for an efficient and effective division of the case between' the reexamined claims and the rest).  *Cf. Pacesetter Inc. v. Cardian Pacemakers, Inc.*, 2003 WL 23303473, at *1, *3 (D.Minn. Nov. 29, 2003) (rejecting 'option of a partial stay of the two patents that are not in reexamination' as 'impracticable, if not impossible')."

3

(W.D.N.Y. 1999).

## B. Stays pending PTO Reexamination are liberally granted.

The courts' liberal policy favoring the granting of stays pending PTO reexamination compels the granting of MTS' motion. Courts routinely grant motions to stay proceedings when a reexamination by the PTO is pending. Card Tech. Corp., 2007 WL 551615. A stay is warranted as the PTO's reexamination could likely alter the claims at issue and facilitate resolution of the action. Id at *2; ASCII Corp., 844 F. Supp. at 1381("[T]here is a liberal policy in granting motions to stay"); "Courts have adopted a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings;" Vdata, LLC., 2006 WL 3392889, *4.

## C. All Relevant Factors Favor Granting a Stay.

Courts consider the following factors in considering whether to grant a stay: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical advantage to the nonmoving party. Xerox Corp., 69 F. Supp.2d at 406; see 3M Innovative Properties Co., 2005 WL 2216317, at *3 (D. Minn. 2005).

Stays further the interests of judicial economy and conserve the parties' resources by simplifying the issues; Pacesetter, Inc., 2003 WL 23303473, at *3. A stay pending reexamination is routinely granted when discovery is at an early stage. CNS, Inc. v. Silver

Eagle Labs, Inc., 2004 WL 3631121, at *1 (D. Minn. 1994). Any delay resulting from a stay is not prejudicial when the delay is offset by the considerable benefit of the PTO's expert guidance. Card Tech. Corp. v. Datacard Corp., 2007 WL 551615, *4 (D. Minn. 2007).

All three factors favor granting a stay in the present matter.

### 1. A stay is appropriate as the PTO reexamination will likely eliminate, amend or otherwise limit the patents, simplifying the issues.

Congress instituted the reexamination process to shift the burden of reexamination of patent validity from the courts to the PTO with the intent to reduce costly and timely litigation. eSoft, Inc. v. Blue Coat Systems, Inc., 2007 WL 549843, *2 (D. Colo. 2007), citing Canady v. Erbe Elektromedizin GmbH, 271 F. Supp. 2d 64, 78 (D.D.C. 2002)(citing H.R. Rep. No. 1307, 96th Cong., 2d Sess., pt. 7 at 4 (1980), reprinted in 1980 U.S.C.C.A.N. 6460). "If no claims survive, neither does the court's work." eSoft, Inc. v. Blue Coat Systems, Inc., 2007 WL 549843, at *2, citing Broadcast Innovation, 2006 WL 1897165, at *2.

"[G]ranting a stay will promote judicial economy by 'maximizing the likelihood that neither the Court nor the parties expend their assets addressing invalid claims.'" 3M Innovative Props. Co., 2005 WL 2216317, at *2, citing Softview Computer Prods. Corp. v. Haworth, Inc., 56 U.S.P.Q.2d 1633, 1636 (S.D.N.Y. 2000).

"[I]t is usually prudent for a court to await the PTO's reassessment of the patents at issue before resuming litigation over the validity, enforceability, or infringement of those

patents." Card Tech. Corp., 2007 WL 551615, at *3. Awaiting the PTO decision enables parties to "settle validity disputes more quickly and less expensively than the often protracted litigation involved in such cases and [will] allow courts to refer patent validity questions to the expertise of the Patent Office." Id. at *2.

Reliance upon the PTO expertise is particularly advantageous in this case because of the highly specialized claims and prior art references comprising MTS' requests for reexamination. Moreover, "because this prior art was not before the PTO during its original patent examination, the Court would benefit immensely from the PTO analysis of it." Broadcast Innovation, 2006 WL 1897165, at *7, citing Softview Computer Prods., 56 U.S.P.Q.2d at 1636. As the courts recognize, the impact of these several prior art references are better suited for interpretation and resolution by the PTO than by the court. Broadcast Innovation, 2006 WL 1897165, at *7, citing Ethicon, Inc., 849 F.2d at 1427.

As the courts recognize, many significant benefits will accrue upon a stay of this matter:

- First, any patentability issues relating to the prior art will be addressed by the PTO examination and the PTO will determine the effect of the prior art on the validity of the patents-in-suit;

- Second, all prior art will have first been considered by the PTO, with its particular expertise, which is a significant advantage in this case given the highly technical nature of the nanotechnology patents, patent claims, and prior art;

- Third, if the reexamination results in effectively invalidating either patent,

6

either the suit will be dismissed or the claims related to the invalid patent will be dismissed;

• Fourth, the outcome of reexamination may encourage a settlement without the further involvement of the Court;

• Fifth, in the event this case proceeds to trial, the record of the patent reexamination will likely be entered, thereby reducing the complexity and length of litigation and the burden on the parties to clearly set forth all necessary admissible evidence;

• Sixth, issues, defenses and evidence will be more easily limited in pre-trial conferences after a reexamination due to a narrowing of the issues based upon the PTO's reexamination decision; and

• Finally, because of a narrowing of the issues, a streamlined discovery process, and a determination on the validity of the patents-in-suit, both the parties and the court will benefit from reduced costs and expeditious litigation.

Card Tech. Corp., 2007 WL 551615, at *4, citing Arctic Cat, Inc. v. Injection Research Specialists, Inc., 2003 WL 22047872, *2 (D. Minn. 2003); Vdata, Inc., 2006 WL 3392889, at *6; 3M Innovative Props. Co., 2005 WL 2216317, at *2.

### 2. A stay is appropriate as the parties have undertaken little discovery and the case is in the early stages of litigation.

A stay is regularly granted when, as in the case at bar, the parties have exchanged only written discovery, have not conducted depositions, and have not presented the court with proposed claim constructions or developed admissible evidence. CNS, Inc., 2004 WL 3631121, at *2.

A stay pending reexamination is routinely ordered where discovery has not progressed past the early stages. CNS, Inc. v. Silver Eagle Labs, Inc., 2004 WL 3631121, at *1 (D. Minn. 1994); Vdata, LLC, 2006 WL 3392889, at *8 (Stay warranted where discovery will later be conducted with the benefit of the reexamination).

Stays are particularly appropriate when "the parties are in the initial stages of the lawsuit . . . have undertaken little or no discovery [and] the case has not been set for trial." ASCII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); Vdata, LLC v. Aetna, Inc., 2006 WL 3392889, *8 (D. Minn. 2006)(Benefit of a stay is maximized where discovery process has not commenced).

In the present matter, the Court just issued its Pretrial Scheduling Order a week ago on May 29, 2007. The parties have not exchanged any discovery other than Rule 26(a) Initial Disclosures. The parties have not taken depositions, exchanged their respective claim charts, nor presented the Court with proposed claim constructions. Discovery need not be completed until June 1, 2008; dispositive motions are not due until December 1, 2008; and trial readiness in this case is not until February 1, 2009.

These factors weigh heavily in favor of a stay pending PTO reexamination. Card Tech. Corp., 2007 WL 551615, at *7 "The usual reason for denying . . . a stay is that the case has progressed through the bulk of pre-trial proceedings and is scheduled for trial shortly" Id.; Vdata, LLC, 2006 WL 3392889, at *8 ("'[C]ourts which have denied stays pending reexamination proceedings have generally done so where the request for reexamination came

late in the litigation, after extensive discovery or trial preparation").

**D.     A stay will not unduly prejudice Plaintiff or place it at a disadvantage.**

A stay of proceedings will narrow the contested claims and issues, prevent the litigation of irrelevant matters, and expedite the resolution of this dispute. This benefits both parties. The mere existence of a delay is not prejudiced. In fact, as the District Court recognized in Card Tech. Corp., "not all delay is necessarily prejudicial and here any cost of the delay is likely offset by the gains to be achieved by obtaining the PTO's expert guidance on these matters." Card Tech. Corp., 2007 WL 551615, at *4.

The Card Tech court also rejected the argument that the delay would be unfairly long:

"Although Defendant raises the specter of a lengthy and open-ended delay, this Court notes that '[a]ll reexamination proceedings under this section, including any appeal to the Board of Patent Appeals and Interferences, will be conducted with special dispatch within the Office.' 35 U.S.C. §305. [FN4]

> FN4    The PTO's own regulations likewise provide that '[a]ll ex parte reexamination proceedings, including any appeals to the Board of Patent Appeals and Interferences, will be conducted with special dispatch.' 37 C.F.R. §1550(a)."

Id. Further, "[a]ny cases involved in litigation, whether they are reexamination proceedings or reissue applications, will have priority over all other cases." M.P.E.P. §2261. Thus, MTS' requests for reexamination will be swiftly resolved.

To the extent Plaintiff incurs any prejudice, the prejudice is negligible and easily outweighed by the benefits gained from staying the case. See Card Tech. Corp., at *4-7 (court granted motion to stay when claimed prejudice in staying action failed to outweigh the

9

benefits of a stay).

## CONCLUSION

For the reasons stated above, MTS Systems Corporation respectfully requests that these proceedings be stayed pending the United States Patent and Trademark Office's reexamination of the patents-in-suit.

LOMMEN, ABDO, COLE, KING & STAGEBERG, P.A.

DATED:  June 6, 2007       BY     *s/Ehrich L. Koch*
                                  Phillip A. Cole, I.D. No. 17802
                                  Ehrich L. Koch, I.D. No. 159670
                                  Attorneys for Defendant
                                  2000 IDS Center
                                  80 South Eighth Street
                                  Minneapolis, MN  55402
                                  (612) 339-8131
                                  FAX: (612) 339-8064