UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HYSITRON INCORPORATED,<br>a Minnesota corporation,<br><br>Plaintiff,<br>v.<br><br>MTS SYSTEMS CORPORATION,<br>a Minnesota corporation,<br><br>Defendant. | Civil No. 07-cv-01533 (ADM/AJB)<br><br>**AMENDED ANSWER TO<br>AMENDED COMPLAINT, AND<br>COUNTERCLAIM** |

COMES NOW the Defendant, MTS Systems Corporation, and for its Amended Answer to Plaintiff's Amended Complaint and for its Counterclaim, states and alleges as follows:

MTS Systems Corporation ("MTS") denies each and every allegation, matter and thing contained in the Plaintiff's Amended Complaint except as hereinafter admitted, answered or otherwise qualified.

**THE PARTIES**

1.      Upon information and belief, MTS admits the allegations contained in paragraph 1.

2.      MTS admits the allegations contained in paragraph 2.

3.      With respect to paragraph 3, MTS admits that the statutes listed by Plaintiff Hysitron, Incorporated ("Plaintiff" or "Hysitron") are correctly cited, and admits that this Court may exercise subject matter jurisdiction over said claims. MTS denies the Amended Complaint states a claim for relief of trademark infringement, deceptive trade practices, unlawful trade practices, or common law unfair competition. MTS further denies that Plaintiff is entitled to any relief pursuant to the statutes and causes of action listed in paragraph 3.

4. MTS admits the allegations contained in paragraph 4.

5. MTS admits the allegations contained in paragraph 5.

6. With respect to paragraph 6, MTS admits that, upon information and belief, and based upon entries in the United States Patent and Trademark Office's ("USPTO") online databases, the USPTO issued United States Patent No. 6,026,677 ("the '677 patent") to Wayne A. Bonin on February 22, 2000, that the patent is entitled "Apparatus for Microindentation Hardness Testing and Surface Imaging Incorporating a Multi-Plate Capacitor System." MTS admits that the Exhibit A appears to be a true and correct representation of the '677 Patent as represented in the USPTO databases. MTS is without sufficient information to admit or deny the allegations concerning the ownership of the '677 patent.

7. MTS denies the allegations contained in paragraph 7.

8. MTS denies the allegations contained in paragraph 8.

9. MTS is without sufficient information to admit or deny the allegations contained in paragraph 9.

10. MTS denies the allegations contained in paragraph 10.

11. With respect to paragraph 11, MTS incorporates by reference its above responses to paragraph 1 through 5 of Plaintiff's Amended Complaint.

12. With respect to paragraph 12, MTS admits that, upon information and belief, and based upon entries in the USPTO's online databases, the USPTO issued United States Patent No. 5,553,486 ("the '486 patent") to Wayne A. Bonin on September 10, 1996, that the patent is entitled "Apparatus for Microindentation Hardness Testing and Surface Imaging Incorporating a Multi-Plate Capacitor System." MTS admits that the Exhibit B appears to be a true and correct representation of the '486 Patent as represented in the USPTO databases. MTS is without

sufficient information to admit or deny the allegations concerning the ownership of the '486 patent.

13. MTS denies the allegations contained in paragraph 13.

14. MTS denies the allegations contained in paragraph 14.

15. MTS is without sufficient information to admit or deny the allegations contained in paragraph 15.

16. MTS denies the allegations contained in paragraph 16.

## COUNT III
## Alleged Unfair Competition Under 15 U.S.C. § 1125(a) [Lanham Act § 43(a)]

17. With respect to paragraph 17 MTS incorporates by reference its above responses to paragraph 1 through 5 of Plaintiff's Amended Complaint.

18. MTS is without sufficient information to admit or deny the allegations contained in paragraph 18, and therefore denies the same. MTS denies that Plaintiff's HYSITRON brand is "highly regarded throughout the United States."

19. With respect to paragraph 19, MTS admits that it purchased the word "hysitron" as part of the Google AdWords program, but denies that the term is ever seen by users of the Google search engine, that such act constitutes a "use in commerce" or that any advertisement is displayed "associated with Plaintiff's HYSITRON mark." MTS denies any further allegations in the paragraph, whether explicit or implicit.

20. MTS denies the allegations in paragraph 20.

## ALLEGATIONS RELATED TO PLAINTIFF'S
## TRADEMARK AND TRADE NAME.

21. MTS is without sufficient information to form a belief as to the allegations in paragraph 21 and therefore denies the same.

22. MTS is without sufficient information to form a belief as to the allegations in paragraph 22 and therefore denies the same. MTS denies that Plaintiff's HYSITRON trademark and trade name, to the extent that Plaintiff has rights in said marks, is "known to consumers across the United States."

23. MTS is without sufficient information to form a belief as to the allegations in paragraph 23 and therefore denies the same. MTS denies that is has ever "beg[u]n using" the mark HYSITRON.

24. MTS is without sufficient information to form a belief as to the allegations in paragraph 24 and therefore denies the same. MTS denies that Plaintiff's HYSITRON trademark is "an extremely valuable commercial asset."

**ALLEGATIONS RELATED TO SEARCH ENGINE ADVERTISING**

25. With regard to paragraph 25, MTS admits that Internet search engines such as Google, Yahoo! and AOL Search (powered by Google) enable consumers to locate a particular website, or content on a particular website, without knowing the Uniform Resource Locator (URL) of the source website or web page. MTS admits that Internet users may travel to a search engine, type in a word, phrase, keyword, or address, and the search engine will return results to the internet user based upon that input. MTS denies the remaining allegations in paragraph 25.

26. With regard to paragraph 26, MTS admits that some major search engines, including Google, Yahoo!, and AOL Search (powered by Google), provide the user with "organic" search results based upon each search engine's ability to search the internet and the formulae for determining page relevance as related to a particular search. MTS further admits that some major search engines also provide a mechanism for purchasing advertising on the search engine, with the sponsor's ad often related to the text keyed in for the user. These results,

which are physically and optically separated from the "organic" results on the search engine's results page, are called "sponsored links," "sponsored results," "sponsor results," "sponsored matches" or similar phrases. MTS denies the remaining allegations in paragraph 26.

27. Because of the differences in each search engine's revenue generating and sponsorship mechanisms, MTS denies the allegations in paragraph 27, except to the extent of the admissions made in paragraphs 25 and 26.

28. MTS denies that Plaintiff has fully described Google's AdWords program in paragraph 28.

29. With regard to paragraph 29, assuming that "the search results page" refers to the search results on the Google search engine, MTS denies that the page includes a "mixture" of organic and sponsored links, as the sponsored links on a Google search results page are always separated visually from the organic results, labeled accordingly, and even shaded to further visually separate a sponsored link from an organic result. MTS denies the remaining allegations in paragraph 29.

30. MTS denies the allegations in paragraph 30.

31. MTS denies the allegations in paragraph 31.

## ALLEGATIONS OF UNLAWFUL CONDUCT

32. MTS admits that it purchased the word "hysitron" as part of the Google AdWords program. MTS denies the remaining allegations in the paragraph.

33. MTS denies the allegations in paragraph 33.

34. MTS denies the allegations in paragraph 34, as the images contained in the Amended Complaint have not been authenticated, nor is there any time, date, or location reference as to who performed the search or where the search was performed.

35. MTS denies the allegations in paragraph 35.

36. MTS denies the allegations in paragraph 36.

37. MTS denies the allegations in paragraph 37.

38. MTS denies the allegations in paragraph 38.

39. MTS denies the allegations in paragraph 39.

### Count IV – Deceptive Trade Practices – Minn. Stat. § 325D.44

40. With respect to paragraph 40, MTS incorporates by reference its above responses to paragraph 1 through 5 and 18 through 39 of Plaintiff's Amended Complaint.

41. MTS denies the allegations in paragraph 41.

42. MTS denies the allegations in paragraph 42.

43. MTS denies the allegations in paragraph 43.

### Count V – Unlawful Trade Practices – Minn. Stat. § 325D.15

44. With respect to paragraph 44, MTS incorporates by reference its above responses to paragraph 1 through 5 and 18 through 43 of Plaintiff's Amended Complaint.

45. MTS denies the allegations in paragraph 45.

46. MTS denies the allegations in paragraph 46.

47. MTS denies the allegations in paragraph 47.

48 MTS denies the allegations in paragraph 48.

### Count VI – Common Law Trademark Infringement

49. With respect to paragraph 49, MTS incorporates by reference its above responses to paragraph 1 through 5 and 18 through 48 of Plaintiff's Amended Complaint.

50. MTS is without information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies the same.

51. MTS denies the allegations in paragraph 51.

52. MTS denies the allegations in paragraph 52.

53. MTS denies the allegations in paragraph 53.

54. MTS denies the allegations in paragraph 54.

**Count VII – Common Law Unfair Competition**

55. With respect to paragraph 55, MTS incorporates by reference its above responses to paragraph 1 through 5 and 18 through 54 of Plaintiff's Amended Complaint.

56. MTS denies the allegations in paragraph 56.

57. MTS denies the allegations in paragraph 57.

58. MTS denies the allegations in paragraph 58.

59. Paragraph 59 is a plea for a jury trial, to which no response is required.

**AFFIRMATIVE DEFENSES**

60. Plaintiff's complaint fails to state a claim for which relief may be granted.

61. MTS is not infringing and has not infringed, either directly or indirectly, and has not induced infringement, any claim of the '677 patent.

62. MTS is not infringing and has not infringed, either directly or indirectly, and has not induced infringement, any claim of the '486 patent.

63. The '677 patent is invalid for failure to comply with one or more of the conditions for patentability specified in Title 35 of the United States Code, including §§ 101, 102, 103 and 112.

64. The '486 patent is invalid for failure to comply with one or more of the conditions for patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

65. The '677 patent is invalid because the purported invention was anticipated by prior art, as set forth in 35 U.S.C. §102.

66. The '486 patent is invalid because the purported invention was anticipated by prior art, as set forth in 35 U.S.C. §102.

67. The '677 patent is invalid because the purported invention was obvious to a person having ordinary skill in the art and in light of prior art, as set forth in 35 U.S.C. §103.

68. The '486 patent is invalid because the purported invention was obvious to a person having ordinary skill in the art and in light of prior art, as set forth in 35 U.S.C. §103.

69. The '677 patent is invalid for failure to comply with the requirements of 35 U.S.C. §112.

70. The '486 patent is invalid for failure to comply with the requirements of 35 U.S.C. §112.

71. Hysitron is attempting to enforce a patent it should reasonably know has not been infringed and/or is invalid and, thus, that Hysitron has brought this action with unclean hands rendering the '677 patent unenforceable.

72. Hysitron is attempting to enforce a patent it should reasonably know has not been infringed and/or is invalid and, thus, that Hysitron has brought this action with unclean hands rendering the '486 patent unenforceable.

73. MTS's use of the term "hysitron" in the Goodle AdWords program is not a "use in commerce" under the Lanham Act.

74. MTS's use of the term "hysitron" in the Google AdWord program does not cause confusion as to source, affiliation, sponsorship, or mistake or deception.

75. MTS has not used the term "hysitron" in connection with any goods or services, such that no common law trademark infringement nor unfair competition has occurred.

76. MTS's use of the term "hysitron" is a fair use under the Lanham Act and under the common law of trademarks.

77. Upon information and belief Counts III through VII of Plaintiff's Amended Complaint are barred by the doctrine of unclean hands.

78. Upon information and belief, Counts III through VII of Plaintiff's Amended Complaint are barred by the doctrines of laches and/or estoppel.

## COUNTERCLAIM

79. MTS incorporates by reference the allegations contained in paragraph 1 through 72 as if fully stated herein.

80. This counterclaim arises under the patent laws of the United States, 35 U.S.C. §§1, *et seq*. This court has subject matter jurisdiction under 28 U.S.C. §1331 and §1338(a).

81. The court has personal jurisdiction over Hysitron; it is incorporated under the laws of the State of Minnesota, it maintains its headquarters in the State of Minnesota and has continuous contacts with the State of Minnesota.

82. Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and §1391(c) and §1400(b).

83. Hysitron alleges that the '677 patent is valid and has been infringed by products manufactured and sold by MTS. MTS, however, contends that the '677 patent is not infringed and is invalid. Accordingly, an actual, justiciable controversy exists between MTS and Hysitron with respect to the validity and infringement of the '677 patent.

84. Hysitron alleges that the '486 patent is valid and has been infringed by products manufactured and sold by MTS. MTS, however, contends that the '486 patent is not infringed and is invalid. Accordingly, an actual, justiciable controversy exists between MTS and Hysitron with respect to the validity and infringement of the '486 patent.

85. For these reasons, MTS requests a declaratory judgment that both the '677 and '486 patents are invalid and not infringed by MTS's products.

## PRAYER FOR RELIEF

WHEREFORE, MTS prays for judgment dismissing Hysitron's Amended Complaint with prejudice and denying Hysitron any relief whatsoever; declaring the '677 patent to be invalid and not infringed by MTS's products; declaring the '486 patent to be invalid and not infringed by MTS's products; issuing an injunction restraining Hysitron from enforcing, attempting to enforce, or threatening to enforce against MTS, any MTS customer or potential MTS customer of MTS, the '677 patent; issuing an injunction restraining Hysitron from enforcing, attempting to enforce, or threatening to enforce against MTS, any MTS customer or potential MTS customer of MTS, the '486 patent; declaring this matter to be an exceptional case under 35 U.S. §285 and the charges of infringement made by Hysitron herein to have been made in bad faith and awarding MTS its costs, together with reasonable attorneys' fees; and awarding MTS such other relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

MTS demands a trial by jury for all claims triable by jury.

Dated: August 27, 2007　　　　　　　　　　WINTHROP & WEINSTINE, P.A.


　　　　　　　　　　　　　　　　　　　　By:　_s/Matthew D. Spohn_____
　　　　　　　　　　　　　　　　　　　　　　David P. Pearson, #84712
　　　　　　　　　　　　　　　　　　　　　　Matthew D. Spohn, #313567
　　　　　　　　　　　　　　　　　　　　　　Kyle J. Kaiser, #0345106
　　　　　　　　　　　　　　　　　　　　　　Brent A. Lorentz, #386865
　　　　　　　　　　　　　　　　　　　　Suite 3500
　　　　　　　　　　　　　　　　　　　　225 South Sixth Street
　　　　　　　　　　　　　　　　　　　　Minneapolis, Minnesota 55402
　　　　　　　　　　　　　　　　　　　　Tel: (612) 604-6400
　　　　　　　　　　　　　　　　　　　　Fax: (612) 604-6800

　　　　　　　　　　　　　　　　　　　　*Attorneys for MTS Systems Corporation*

3352068v1