IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HYSITRON INCORPORATED, <br> a Minnesota corporation, <br><br> Plaintiff, <br><br> v. <br><br> MTS SYSTEMS CORPORATION, <br> a Minnesota corporation, <br><br> Defendant. | Civil Action No. 07 CV 1533 ADM/AJB |

**JOINT CLAIM CONSTRUCTION STATEMENT**

In accordance with the Court's Amended Pretrial Scheduling Order, Plaintiff Hysitron Incorporated ("Hysitron") and Defendant MTS Systems Corporation ("MTS") (collectively, "the parties") jointly submit the following Claim Construction Statement. Hysitron currently asserts infringement of claims 1, 3, and 6 of U.S. Patent No. 5,553,486 ("the '486 patent") and claims 1-4, 7-9, and 11-15 of U.S. Patent No. 6,026,677 ("the '677 patent"). Only disputed claim terms from these claims are addressed in the parties' Joint Claim Construction Statement.

**1.      Request for Claim Construction Hearing**

The parties request that the Court schedule a Claim Construction hearing to determine the interpretation of certain claim terms, phrases and clauses, set forth in Attachment A hereto.

**2.     Construction of Claim Terms, Phrases or Clauses on Which the Parties Agree.**

The parties agree that with the exception of the claim terms, phrases and clauses set forth below, the language of the claims at issue should be accorded their plain and ordinary meaning.

**3.     Each Parties' Proposed Construction of Each Disputed Claim Term, Phrase or Clause**

Each party's proposed construction of each disputed claim term, phrase or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to each party on which it intends to rely either in support of its proposed construction of the claim or to oppose the other party's proposed construction of the claim, is set forth in <u>Attachment A</u> hereto.

**4.     Witnesses at Claim Construction Hearing**

Hysitron proposes to call the following witness to testify at the claim construction hearing, preferably by affidavit.

| **Name** | **Summary of expert testimony (if applicable)** |
|---|---|
|  | Hysitron expects to offer testimony from Dr. Richard Colton including:<br>(1) background information and context related to the invention at issue in order to provide the Court with an understanding of the technical aspects of the claimed invention, including: the (a) function and operation of a 3-plate capacitor in comparison to a 2-plate capacitor, (b) the function and operation of a STM-type controller, (c) the function and operation of a scanned probe microscope, namely, how scanned probe microscope apparatuses assess the surface topography of samples in three dimensions, and (d) the measurement of force, namely that those of skill in |

| | the art understand that a force sensor indicates force by assessing force, weight or position;
(2) testimony that the phrase "scanning head," as used in the patents-in-suit, refers to "an assembly configured to cause the probe and sample to move relative to one another in three dimensions, including a back-and-forth scan in two dimensions;"
(3) testimony that the phrase **"**means for measuring the output signal of said force sensor and utilizing said output signal to control a vertical movement of said scanning head to maintain a constant force on a sample as said surface topography is measured**"** as used in the claims of the '486 patent, requires "a STM-type controller or an equivalent thereof;"
(4) testimony that the phrase "means responsive to the position of the pick-up plate relative to the drive plate for providing an output signal proportional to the relative position" as used in the claims of the '677 patent, requires "a second drive plate to form a three-plate capacitive structure or an equivalent thereof;"
(5) testimony that the phrase "means for utilizing said output signal to control a vertical movement of the scanning head relative to the sample" as used in the claims of the '677 patent, requires "a STM-type controller or an equivalent thereof;"
(6) testimony that the phrase "means for measuring the output signal of said force sensor and utilizing the output signal to control a vertical movement of the scanning head" as used in the claims of the '677 patent, requires "a STM-type controller or an equivalent thereof;"
(7) testimony that the phrase "means responsive to the output signal for controlling the movement of the scanning head" as used in the claims of the '677 patent, requires "a STM-type controller or an equivalent thereof;"
(8) testimony that the phrase "wherein the means responsive to the output signal further controls the movement of the scanning head in a two-dimensional horizontal direction" as used in the claims of the '677 patent, requires "a STM-type controller or an equivalent thereof;" and
(9) testimony that the phrase "wherein the means for controlling movement of the scanning head provides an output signal to an image display, wherein the image display provides an image representative of the surface property being measured" as used in the claims of the '677 patent, requires "a STM-type controller or an equivalent thereof." |

MTS objects to Hysitron's attempt to designate expert testimony in support of its claim construction, as Hysitron did not disclose its intent to do so until the day this Joint Claim Construction Statement was due. Paragraph 3 of the Amended Pretrial Scheduling Order required that any proposed experts be disclosed on or before September 15, 2007, along with a brief description of the witness's proposed testimony. Hysitron's September 15, 2007 submission to MTS was devoid of any such disclosure. Because MTS lacked the requisite notice of such proposed testimony, it should be barred.

Hysitron believes the proffered testimony will provide the Court with needed context concerning the function and operation of the claimed invention. Hysitron further contends that MTS has not suffered any prejudice as a result of the delayed identification a witness by Hysitron, and that the exclusion of witness testimony is not justified.

**5. Anticipated Length of Claim Construction Hearing and Proposed Method for Offering Witness Testimony During the Markman Process**

The parties anticipate that the oral argument phase of the claim construction hearing will require about four hours. Hysitron proposes that direct testimony of witnesses should be provided by affidavit during the briefing process, and anticipates that the cross-examination of witnesses will require an additional two hours at the claim construction hearing.

As stated above, MTS objects to Hysitron's tardy, last-minute disclosure of proposed expert testimony, and asks that such testimony, whether live or by affidavit, be barred.

Dated: October 15, 2007                    MERCHANT & GOULD, P.C.


                                           _s/ Todd S. Werner_____
                                           Allen W. Hinderaker, #45287
                                           Todd Werner, #033019X
                                           3200 IDS Center
                                           80 South Eighth Street, Minneapolis, MN  55402-4131

                                           *Counsel for Plaintiff Hysitron Incorporated*

Dated:  October 15, 2007                   WINTHROP & WEINSTINE, P.A.


                                           __s/ Matthew D. Spohn_____
                                           David P. Pearson, #84712
                                           Matthew D. Spohn, #313567
                                           Brent A. Lorentz, #386865
                                           Winthrop & Weinstine, PA
                                           225 South Sixth Street Suite 3500
                                           Minneapolis, Minnesota 55402-4629
                                           Telephone:  (612) 604-6400

                                           *Counsel for Defendant MTS Systems Corporation*