UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HYSITRON INCORPORATED,<br>a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>MTS SYSTEMS CORPORATION,<br>a Minnesota corporation,<br><br>Defendant. | Civil No. 07-cv-01533 (ADM/AJB)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S EXPERT WITNESS FROM *MARKMAN* PROCEEDING** |

Defendants MTS Systems Corporation ("MTS") respectfully submits this Memorandum of Law in support of its motion *in limine* to exclude Plaintiff Hysitron Incorporated's ("Hysitron") proposed expert from the forthcoming *Markman* claim construction proceeding in this matter.

## INTRODUCTION

In exchanging preliminary claim constructions, both parties indicated that they would not use witness testimony in the *Markman* claim construction proceeding in this matter. One month later, on the day the parties' Joint Claim Construction was due to the Court, Hysitron for the first time indicated it desired to present the testimony of an expert witness in connection with claim construction.

Hysitron has not provided any justification for its disregard of the deadlines in the Amended Scheduling Order, and there is no reason for the *Markman* process to be set back to accommodate Hysitron's tactics. Hysitron was prepared to go forward without expert testimony at the time it provided its preliminary claim construction, and Hysitron has argued in the companion case between parties that expert testimony is not helpful in

claim construction in what it claims to be similar circumstances. Accordingly, because it would not harm Hysitron and would preserve the existing schedule, MTS requests that Hysitron be barred from introducing its proposed expert testimony in the *Markman* claim construction proceeding.

## FACTUAL BACKGROUND

As this is a case involving allegations of patent infringement, it is governed by the standard Scheduling Order for patents. (Docket Entry No. 40.) As amended, the Scheduling Order sets forth an orderly process for the parties to proceed through the *Markman* claim construction process. After exchanging claim charts, the parties were to exchange their respective lists of patent claim terms, phrases or clauses to be construed. (*Id*. at p. 2, ¶ 3.) This took place as scheduled, on September 1, 2007. Next, the parties were to exchange their respective preliminary claim constructions on or before September 15, 2007, and meet and confer regarding the issues raised in that exchange. (*Id*. at p. 2, ¶ 3.) In their respective preliminary claim constructions, each party was required to disclose their preliminary identification of all extrinsic evidence intended to be relied upon, including the testimony of percipient and expert witnesses that supports their respective claims. (*Id.*) The parties conferred via telephone and exchanged their preliminary claim constructions as scheduled. (Declaration of Matthew Spohn ("Spohn Decl.") ¶ 2 & Exs. A-B.) In their preliminary claim constructions, **neither party disclosed any witnesses they intended to call for the *Markman* claim construction process**. (*Id*.) Thus, there was no reason for either party to designate any rebuttal witnesses.

The Amended Scheduling Order then required the parties to complete and file with the Court a Joint Claim Construction Statement by October 15, 2007. (Docket Entry No. 40 at p. 2, ¶ 3.) In preparation for this deadline, the parties prepared their respective contributions to the document, and discussed using the same format as the statement they had recently used in the companion case between the parties. On Thursday, October 11, counsel for Hysitron provided a draft Joint Claim Construction Statement that contained blank charts for each party's proposed witness testimony, as was used in the companion case between the parties. (Spohn Decl. Ex. C.) Counsel for MTS responded the next day, stating that the form looked fine, but "since neither side has disclosed witnesses, we can eliminate the discussions of witnesses and testimony." (*Id*. at Ex. D.)

Not until October 15, 2007—just hours before the Joint Claim Construction Statement was due—did counsel for Hysitron respond, stating for the first time "[w]e intend to offer the testimony of Dr. Colton in support of our Markman positions . . ." (Spohn Decl. Ex. E.) Hysitron had never before indicated its intention to call any witnesses, and had never previously mentioned or identified a "Dr. Colton." (Spohn Decl. ¶ 6.) MTS objected to this move, but Hysitron refused to reconsider its position (*id*. at Exs. F-G), and the parties' respective positions were reflected in the final Joint Claim Construction Statement that was filed hours later. (Docket Entry No. 44.) Accordingly, MTS brought the motion at hand.

## ARGUMENT

According to Rule 16 of the Federal Rules of Civil Procedure, a Scheduling Order shall not be modified except upon a showing of good cause and by leave of the court. Fed. R. Civ. Proc. 16 (emphasis added). Rule 16 assures that a judge's "Scheduling Order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* at 582 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

> 'Scheduling Orders have become increasingly critical to the district court's case management responsibilities,' and the capacity of such Orders to sensibly advance litigation to the point of Trial must be responsibly preserved. The accessibility of the Courts would have no particular societal benefit if the action so filed were not able to be timely brought to Trial.

*Id.*

The Scheduling Order is especially important in a patent case such as this, where the detailed schedule is intended to streamline the claim construction process and focus the issues. *See* 2005 Advisory Committee's Note to LR 16.2 and Form 4 and 5. These goals would be completely frustrated if the parties could simply elect to disregard the Scheduling Order deadlines, as Hysitron proposes.

Notably, in its correspondence with MTS on this issue Hysitron has made no attempt to satisfy the "good cause" standard required to justify its disregard of the Scheduling Order. Fed. R. Civ. P. 16(b). (Spohn Decl. Exs. E & G.) "The 'good cause' standard is an exacting one, for it demands a demonstration that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Scheidecker v. Arvig Enters., Inc.*, 193 F.R.D. 630, 631 (D. Minn. 1999) (quoting *Archer*

- 4 -

*Daniels Midland v. Aon Risk Services, Inc.*, 187 F.R.D. 578, 581-82 (D. Minn. 1999)). Hysitron can hardly claim that it acted with any diligence, considering it designated an expert with only a few hours' advance notice to MTS—when such a disclosure should have come one month before that time.

Nor can Hysitron claim that its failure to comply with the Scheduling Order was harmless. Had Hysitron disclosed its expert in its September 15, 2007 preliminary claim construction as required by the Amended Scheduling Order, MTS could have used the intervening month to locate a rebuttal expert, such that both parties' experts could be disclosed to the Court in the October 15, 2007 Joint Claim Construction Statement. By ignoring the September 15, 2007 deadline and concealing until the last hour its intention to call an expert witness, Hysitron apparently hoped to create situation where it could present expert testimony without any opportunity for rebuttal from MTS. This sort of gamesmanship should not be allowed.

Excluding Hysitron's proposed expert will in fact streamline the *Markman* claim construction process. On September 15, 2007, Hysitron apparently believed that it could adequately present its claim construction arguments without an expert—otherwise, it would have disclosed that expert, or even its intention to call *some* expert, in its preliminary claim construction. By excluding Hysitron's expert, the Court is only holding Hysitron to the position it took in its preliminary claim construction. Moreover, in the companion case between the parties Hysitron has taken the position that expert testimony is not required where the intrinsic evidence supports the proposed construction, as Hysitron is claiming it does in this case. In that case, Hysitron has taken the position

that "expert testimony 'is generated at the time of and for the purpose of litigation and thus can suffer from bias that is not present in the intrinsic evidence.'"  (Spohn Decl. Ex. H at 2.)  Though MTS certainly disagreed with Hysitron's assertions as they applied to the companion case, they show that Hysitron generally does not view expert testimony as necessary or even helpful in claim construction.  Accordingly, exclusion of its expert in this case should not work any great harm.

## **CONCLUSION**

For the foregoing reasons, MTS respectfully requests that this Court grant its Motion *in Limine* and exclude Hysitron's proposed expert testimony from the *Markman* claim construction proceeding.

Dated:  October 24, 2007            WINTHROP & WEINSTINE, P.A.


                                                 By: __s/Matthew D. Spohn_____
                                                                David P. Pearson, #84712
                                                                 Matthew D. Spohn, #313567
                                                                 Kyle J. Kaiser, #0345106
                                                                 Brent A. Lorentz, #386865
Suite 3500
225 South Sixth Street
Minneapolis, Minnesota 55402
Tel:   (612) 604-6400
Fax:  (612) 604-6800

*Attorneys for MTS Systems Corporation*

3455131v1