Hysitron Incorporated v. MTS Systems Corporation Doc. 74

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

HYSITRON INCORPORATED,
a Minnesota corporation

Civil No. 07-cv-01533 (ADM/AJB)

Plaintiff,

vs.

MTS SYSTEMS CORPORATION,
a Minnesota corporation

Defendant.

---

**THE PARTIES' JOINT DISCOVERY STATEMENT IN ACCORDANCE WITH LOCAL RULE 16.3(b) IN SUPPORT OF MOTION TO AMEND THE AMENDED PRETRIAL SCHEDULING ORDER**

Pursuant to Local Rule 16.3(b), Defendant MTS Systems Corporation ("MTS") and Plaintiff Hysitron Incorporated ("Hysitron"), by and through their respective undersigned counsel of record, hereby jointly submit this Discovery Statement to the Court in support of the parties' Joint Motion to Amend the Court's Amended Pretrial Scheduling Order in this lawsuit.

The parties are requesting that the Court amend the current Amended Pretrial Scheduling Order because the *Markman* claim construction process has not been completed. When the Amended Pretrial Scheduling Order was established in this case, the parties contemplated that the *Markman* claim construction process would be the first phase of the litigation, and after the claim construction process was completed and the Court issued its *Markman* order, then the parties would proceed with fact discovery.

Dockets.Justia.com

Counsel for the parties agree that conducting fact discovery without the benefit of the Court's *Markman* order can make for ineffective, inefficient, and at times problematic, discovery. Further, expert reports and expert discovery can hardly be undertaken without the benefit of the Court's *Markman* order construing disputed claim terms. Absent such claim construction, fact discovery, expert analysis, and expert discovery is undertaken in a vacuum and without the critically important claim construction provided by the Court's *Markman* order. In this case, counsel for both parties believe it is necessary to conduct fact discovery specific to the claim construction that will be forthcoming from the Court.

Here, the parties submitted their Joint Claim Construction Statement on October 15, 2007 in accordance with the Amended Pretrial Scheduling Order. In conjunction therewith, the parties were to confer with the Court so that a briefing schedule could be established and a *Markman* hearing date set. However, a dispute arose between the parties regarding the use of expert testimony in support of proposed claim construction. While the parties submitted letter briefs to the Court on this issue, no decision has yet been rendered. Accordingly, neither a briefing schedule nor a *Markman* hearing date have been established.

This lawsuit involves fairly complex technology, and the *Markman* process will involve the construction of 10-12 claim terms. In light of these facts, and in light of the fact that expert discovery may be conducted as part of the *Markman* process but prior to submission of *Markman* briefs, counsel anticipate that the Court's *Markman* decision will not be issued until approximately August 1, 2008.

The discovery which remains to be completed by the parties in this lawsuit includes the following:

- Depositions of fact witnesses.
- Disclosure of expert witnesses.
- Exchange of initial expert reports.
- Exchange of expert rebuttal reports.
- Expert depositions.

The parties have submitted a proposed Second Amended Pretrial Scheduling Order which uses August 1, 2008 as the "trigger date" for the commencement of fact discovery. The parties selected this date because they anticipate the Court will issue its *Markman* order by August 1, 2008. The parties further believe that 90 days will be needed for fact discovery. Assuming that the *Markman* order is issued on or before August 1, 2008, the parties then propose the following deadlines which are set forth in the Second Amended Pretrial Scheduling Order which is attached to the parties' Motion as Exhibit A:

| | |
|---|---|
| August 1, 2008 | Issuance of *Markman* decision |
| November 1, 2008 | Completion of Fact Discovery |
| November 1, 2008 | Disclosure of Expert Witnesses |
| December 1, 2008 | Exchange of Initial Expert Reports |
| January 1, 2009 | Exchange of Rebuttal Expert Reports |
| February 1, 2009 | Completion of Expert Discovery |
| February 1, 2009 | Last Date for Filing Non-Dispositive Motions |
| May 1, 2009 | Dispositive Motions Shall be Filed and Heard |
| July 1, 2009 | Trial Ready Status |

The parties respectfully suggest to the Court that the ability of the parties to effectively litigate the issues present here weigh strongly in favor of modifying the discovery schedule. The delays that have developed in conjunction with the claim construction process justify this amendment. Counsel will be able to engage in more effective and efficient discovery if fact discovery is permitted after the issuance of the *Markman* order. For these reasons, the parties respectfully request that the Court grant this Motion and approve the Third Amended Pretrial Scheduling Order submitted to the Court in conjunction herewith.

Dated: February 6, 2008

WINTHROP & WEINSTINE, P.A.

s/David P. Pearson
David P. Pearson, #84712
Brent A. Lorentz, #386865

225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Tel: (612) 604-6400

Attorneys for Plaintiff
MTS Systems Corporation

Dated: February 6, 2008

MERCHANT & GOULD, P.C.

s/Allen W. Hinderaker
Allen W. Hinderaker, #45287
Tong Wu, #288974

80 South Eighth Street, Suite 3200
Minneapolis, MN 55402
Tel: (612) 332-5300

Attorneys for Defendant
Hysitron Incorporated

3636086v1