## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

HYSITRON INCORPORATED,                                      Civil No. 07-1533 ADM/AJB
a Minnesota corporation,

        Plaintiff,

v.

MTS SYSTEMS CORPORATION,
a Minnesota corporation,

        Defendant.

### SECOND AMENDED PRETRIAL SCHEDULING ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Discovery Plan

    1.    Plaintiff shall serve upon Defendant by July 1, 2007, "Plaintiffs' Claim Chart," which shall identify: (1) which claim(s) of its patent it alleges are being infringed; (2) which specific products or methods of Defendant it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present. If there is a contention by Plaintiff that there is infringement of any claims under the doctrine of equivalents, Plaintiff shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, Plaintiff shall also explain each of the functions, way and result that it contends are equivalent, and why it contends that any differences are not substantial.

    2.    No later than August 15, 2007, Defendant shall serve upon Plaintiff, "Defendants' Claim Chart" that indicates with specificity which elements on Plaintiffs' Claim Chart it admits are present in the accused device product or process, and which it

contends are absent. In the latter regard, Defendant will set forth in detail the basis for a contention that the element is absent. As to the doctrine of equivalents, Defendant shall state any contentions concerning any differences in function, way and result and why any differences are substantial. Defendant shall explain in detail any other grounds for asserting invalidity of the claims identified in Plaintiffs' Claim Chart including but not limited to any invalidity contentions based on 35 USC §101 and/or §112.

3. On or before September 1, 2007, the parties shall simultaneously exchange a list of claim terms, phrases, or clauses which each party contends should be construed by the Court. The parties shall thereafter and no later than September 15, 2007, meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes.

At the same time the parties exchange their respective "preliminary claim construction," they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness's proposed testimony.

Following the parties meet and confer described above, and no later than October 15, 2007, the parties shall notify the Court as to whether they request that the Court schedule a Claim Construction hearing to determine claim interpretation. If any party believes there is no reason for a Claim Construction hearing, the party shall provide the reason to the court.

At the same time the parties shall complete and file with the Court, a joint claim construction statement which shall contain the following information:

a. The construction of those claim terms, phrases or clauses on which the parties agree;

b. Each party's proposed construction of each disputed claim term, phrase or clause, together with an identification of all references from the specification of prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim

or to oppose any other party's proposed construction of the claim, including, but not limited, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses;

    c.    Whether any party proposes to call one or more witnesses, including experts at the Markman hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

Before the date of the Markman hearing, the Court shall issue an Order stating:

    a.    Whether it will receive extrinsic evidence, and if so, the particular evidence it will receive; and

    b.    Whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants.

    c.    A briefing schedule.

Discovery Relating to Validity/Prior Art

1. On or before September 15, 2007, Defendant shall serve on Plaintiff a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by Plaintiff. ("Defendants' Prior Art Statement). If Defendant alleges that a combination of prior art items render a claim obvious, Defendant shall identify each combination of prior art and the motivation to combine the items.

2. On or before October 15, 2007, Plaintiff shall serve on Defendant, "Plaintiffs' Prior Art Statement," in which it will state in detail its position on what the prior art relied upon by Defendant shows, if its interpretation differs from Defendant, and its position on why the prior art does not invalidate the asserted patent claims.

3. The Defendant and Plaintiffs' "Prior Art Statements" can be, but need not be, in the form of expert reports.

4. The parties may supplement their prior art statements pursuant to Federal Rule of Civil Procedure 26(e).

Pleading of Defenses

1. Defendant may postpone the waiver of any applicable attorney client privilege topics relevant to willfulness, if any, until October 1, 2007, provided that all relevant privileged documents are produced no later than that date. All discovery regarding the waiver will take place after October 1, 2007 and shall be completed by June 1, 2008.

2. If relying on advise of counsel as a defense, a party shall provide to the opposing party by October 1, 2007, (even without a discovery request) the following:

    1. Copies of all written advise received concerning the patent that it is charged with infringing, except advice provided by trial counsel unless Defendant attempts to rely on such advice as a defense, and all documents that pertain to that written advice.

    2. An identification of any oral advice it received concerning the patent it is charged with infringing (except advise provided by trial counsel unless Defendant attempts to rely on such advice as a defense), including: (i)the giver(s) of the advise; (ii)the recipient(s) of the advice; (iii) the date of the advice; and (iv) the substance of the advise and all documents that pertain to that oral advise.

    The fact that disclosures are made pursuant to this section, shall not preclude discovery on this issue by an opposing party. Neither will said disclosure preclude the disclosing party from arguing that further disclosures are unwarranted or that privilege prevents further disclosures. The court makes no ruling on such issues at this time.

Discovery Definitions

1. In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art," "best mode," "on sale"), and read them as requesting discovery relating to the <u>issue</u> as opposed to a <u>particular definition</u> of the term used. Compliance with this Order is not satisfied by the respondent including a specific definition of the term-of-art in its response, and limiting its response to that definition.

Expert Witnesses

1. By **November 1, 2008**, the parties shall identify to the opposing party the experts who will provide a report that deals with the issues on which that party has the burden of persuasion.

4

> By **December 1, 2008**, the parties shall exchange initial expert reports, which reports shall be in accordance with Fed. R. Civ. P. 26(a)(2)(B) ("Initial Expert Reports"). The Initial Expert Reports from each party shall deal with the issues on which that party has the burden of persuasion.
>
> By **January 1, 2009**, Rebuttal Expert Reports shall be exchanged. Rebuttal Expert Reports shall also be in accordance with Fed. R. Civ. P. 26(a)(2)(B).

2. Every expert report shall begin with a succinct statement of the opinions the expert expects to give at trial.

3. Unless leave of court is applied for and given, there shall be no expert testimony at trial on behalf of the party having the burden of persuasion on any issue not covered in that party's Initial Expert Report.

4. Unless leave of Court is applied for and given, an expert shall not use or refer to at trial any evidence, basis or grounds in support of his/her opinion not disclosed in his/her expert report, except pursuant to paragraph 7, below.

5. Unless leave of Court is applied for and given, no expert reports other than the Initial and Rebuttal Reports described in paragraph 1 above shall be permitted.

6. No application under paragraphs 3- 5 shall be filed later than 30 days before the Final Pretrial Conference.

7. The application for leave of Court referred to in paragraphs 3 - 6 above shall: (1) include, as an attachment, the additional expert report sought to be used, in which the new issue, evidence, basis or ground is explained; (2) explain in detail why the issue, evidence, basis or ground was not, or could not be, included in the Initial or Rebuttal report; and (3) explain the prejudice to the submitting party if the additional expert report is not permitted, and the lack of prejudice to its opponent if the additional expert report is permitted.

8. Within ten (10) days after the filing of an application pursuant to paragraph 7, the other party may file an opposition to the application, dealing with the issues of: (i) timeliness; (ii) prejudice; and (iii) what additional expert reports would be needed by the respondent if leave of court is given to the movant.

9. Anything shown or told to an expert relating to the issues on which he/she opines, or to the evidence, basis or grounds in support of or countering the opinion, shall be referenced in that expert's report and is subject to discovery by the opposing party.

10. Drafts of expert reports shall not be retained or produced. There may be inquiry

into whom, if anyone, other than the expert participated in the drafting of his/her report and what the respective contributions were. The court will not entertain motions on these two issues.

11. All expert discovery, including expert depositions, shall be completed on or before **February 1, 2009**.

Privilege & Related Issues

### Foreign Prosecution

1. If requested by Defendant, Plaintiffs shall produce to it:

    1. all prior art cited against foreign counterparts of the U.S. application(s) for the patent(s)-in-suit; and

    2. all communications to or from foreign patent offices regarding counterparts of the U.S. application for the patent(s)-in-suit.

"Foreign counterparts" shall be interpreted broadly and includes applications based on specifications similar to the specification for the patent(s)-in-suit, regardless of their claims.

2. There is presumption that communications between persons prosecuting foreign counterpart applications (attorneys or patent agents) and (i) the inventors; (ii) U.S. prosecution counsel; and (iii) each other, are privileged. If such communications are requested by a Defendant and Plaintiff objects on privilege grounds, no motion to compel shall be filed unless the Defendant can show, with specificity, what it expects the communications to show ("something damaging to Plaintiff's position" is not a sufficiently specific showing) and how it intends to use the information discovered if it shows what is expected. If a sufficient showing by Defendant is made, the court will receive the communications for inspection *in camera*, and will release them to Defendant only if they do show what Defendant expected.

### Patent Owner/Prosecution Counsel Communications

3. Communications during patent prosecution between the inventor and owner of the patent(s)-in-suit on the one hand, and counsel prosecuting the patent(s) on the other, are presumptively privileged, and need not be produced by Plaintiff unless a Defendant can state:

    1. with reasonable specificity what information it believes it will find in such communications, and the basis for such belief; and

2. for what purpose it would use the information at trial.

If Defendant makes the required showing, the documents in question will be produced to the court for *in camera* inspection to determine whether they do, in fact, contain the information specified by Defendant and whether it could be used for the purpose proposed by Defendant. The documents will be produced to Defendant only if both conditions are satisfied.

### Privilege Log

4. Absent an agreement of counsel to the contrary, any document requested that is not produced shall be identified in a log of withheld documents ("Withheld Document Log"). For each document listed on the Withheld Document Log, the following information must be given:

    1. the author(s);
    2. the recipient(s);
    3. the position held by each author and each recipient, including whether they are lawyers;
    4. the date;
    5. the basis or bases for withholding the document;
    6. a description of the document in such detail that the requesting party can determine whether to challenge the basis or bases set forth pursuant to (e), (e.g., that "the document contains legal advice from X to Y concerning the subject of marking with the patent number").

### Inventor Testimony

5. In depositions of the inventor(s) of the patent(s)-in-suit, there shall be no instruction by the patent owner's counsel not to answer questions posed by counsel for Defendant, except on privilege grounds.. Questions calling for the inventor(s) to state an opinion or interpret a document relevant to issues in the case are not objectionable, and must be answered if the inventor(s) has an opinion or considers himself able to give an interpretation. The inventor can decline to answer the question only if, in truth, the inventor(s) has no opinion or is unable to interpret the document; but the inventor(s) shall then be barred from giving such opinion interpreting such document at trial, and opposing counsel may advise the fact finder at trial of the inventor's declining to answer.

Fact Discovery

1. Fact discovery shall be commenced in time to be completed by **November 1, 2008**. In this regard, discovery requests shall be served in time so that responses are due no later than **November 1, 2008**, and all fact depositions shall be completed by **November 1, 2008**.

2. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before June 1, 2007. The parties may amend their disclosures as appropriate in light of additional information obtained through investigation or discovery.

3. No more than 25 interrogatories (counted in accordance with Fed.R.Civ.P. 33(a)) shall be served by any party.

4. The parties shall take no more than 10 depositions, excluding expert witness depositions.

5. Plaintiffs shall not call anymore than 4 experts at trial. Defendants shall not call anymore that 4 experts at trial.

Non-Dispositive Motions

(Non-dispositive motions may be scheduled for hearing by calling Judicial Assistant Kathy Thobe at 651-848-1210.)

1. All motions which seek to add parties must be filed by June 1, 2007. All motions that seek to amend the pleadings must be filed by June 1, 2007.

2. All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by **February 1, 2008**.

3. Prior to scheduling any non-dispositive motion, parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through telephone conference with the Magistrate Judge. To the extent that formal discovery motions will be filed, said motions should strictly comply with the provisions of Local Rules 7.1 and 37.1 and **shall be presented in a form that complies with Local Rule 37.2**.

Dispositive Motions

1. All dispositive motions shall be **served, filed and heard by May 1, 2009**. (Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Gertie Simon at 612-664-5093)

2. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1.

Trial

This case shall be ready for a **Jury** trial on **July 1, 2009**, or upon resolution of any pending dispositive motions. Anticipated length of trial is 10 days.

Dated: February 11, 2008        _s/ Arthur J. Boylan_____
                                Arthur J. Boylan
                                United States Magistrate Judge