UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hysitron Incorporated,
a Minnesota Corporation,
                Plaintiff,

                                 **MEMORANDUM OPINION**
v.                               **AND ORDER**
                                 Civ. No. 07-1533 ADM/AJB

MTS Systems Corporation,
a Minnesota Corporation,

                Defendant.

___

Allen W. Hinderaker, Esq., and Todd S. Werner, Esq., Merchant & Gould, P.C., Minneapolis, MN, on behalf of Plaintiff.

Matthew D. Spohn, Esq., David P. Pearson, Esq., Kyle J. Kaiser, Esq., and Brent A. Lorentz, Esq., Winthrop & Weinstine, P.A., Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant MTS Systems Corporation's ("MTS") Motion in Limine [Docket No. 47] to exclude Plaintiff Hysitron Incorporated's ("Hysitron") expert witness from testifying at a Markman hearing in this matter. For the reasons set forth below, MTS's Motion in Limine is denied.

## II. BACKGROUND

In March 2007, Hysitron filed a Complaint [Docket No. 1] alleging that MTS had infringed United States Patent Nos. 6,026,677 and 5,553,486. Hysitron subsequently filed an Amended Complaint [Docket No. 21] asserting various other claims under federal and state law. On May 30, 2007, Magistrate Judge Arthur J. Boylan presided over a pretrial conference between Hysitron and MTS. That same day, Judge Boylan issued a Pretrial Scheduling Order [Docket No. 25] establishing deadlines relevant to MTS's Motion in Limine. The Pretrial

Scheduling Order, as amended, set a deadline of September 1, 2007, for the parties to simultaneously exchange their respective lists of patent claim terms, phrases, and clauses to be construed by the Court.  2d Am. Pretrial Scheduling Order [Docket No. 76] ¶ 3.  That exchange took place as scheduled.

Next, the Pretrial Scheduling Order set a deadline of September 15, 2007, for the parties to confer and exchange their respective "preliminary claim constructions," and to provide each other with a "preliminary identification of extrinsic evidence, including without limitation, . . . testimony of percipient and expert witnesses they contend support their respective claim constructions."  Id.  The parties exchanged their preliminary claim construction statements on September 17, 2007.  Spohn Decl. [Docket No. 50] Exs. A-B.  Neither party identified any expert witness testimony.  Id.

Finally, the Pretrial Scheduling Order set a deadline of October 15, 2007, for the parties to request a Markman claim construction hearing, and for the parties to file a joint claim construction statement setting forth disputed claim terms and identifying expert witness testimony either party intended to rely on to support its claim constructions or to oppose the other party's claim constructions.  2d Am. Pretrial Scheduling Order ¶ 3.  On the morning of October 15, Hysitron notified MTS for the first time that Hystron intended to call Dr. Richard Colton ("Colton") to testify at the Markman hearing in support of Hysitron's proposed claim constructions.  Spohn Decl. Ex. E at 1.  MTS objected on the ground that the Pretrial Scheduling Order required Hysitron to disclose Colton's expert testimony when the parties exchanged their preliminary claim construction statements, and the parties noted MTS's objection in their Joint Claim Construction Statement [Docket No. 44].  On October 24, 2007, MTS filed the instant

Motion in Limine to exclude Colton's testimony from the forthcoming <u>Markman</u> hearing.

### III. DISCUSSION

MTS argues Colton should be excluded from testifying at the <u>Markman</u> hearing because Hysitron failed to disclose Colton by the Pretrial Scheduling Order's mid-September 2007, deadline for the parties to provide "a preliminary identification of extrinsic evidence, including without limitation, . . . testimony of percipient and expert witnesses they contend support their respective [preliminary] claim constructions." In response, Hysitron argues that the Pretrial Scheduling Order required only a *preliminary* identification of expert witness testimony when the parties exchanged their preliminary claim construction statements in mid-September 2007. Hysitron asserts that it did not determine that Colton's expert testimony would be useful and necessary until after Hysitron reviewed MTS's September 17, 2007, preliminary claim construction statement. In particular, Hysitron asserts that Colton's expert testimony was made relevant by MTS's argument that a number of means-plus-function claim elements in the patents at issue fail to comply with 35 U.S.C. § 112, ¶ 6. Hysitron also asserts that "[t]he competing Preliminary Claim Construction Statements of the Parties made it evident that the claim elements the Court will be required to construe require a working understanding of complex scientific principles . . . mak[ing] expert testimony concerning the background technology highly relevant and useful to the Court." Pl.'s Opp'n [Docket No. 60] to Def.'s Mot. in Limine at 6.

After reviewing the parties' arguments, the Court denies MTS's Motion in Limine. The Pretrial Scheduling Order required Hysitron to submit a preliminary—not a final—identification of its expert witness testimony when the parties exchanged their preliminary claim construction statements. Moreover, because the parties simultaneously exchanged their preliminary claim

construction statements in mid-September 2007, the Pretrial Scheduling Order required the parties at that time to identify only the expert witness testimony that supported their respective preliminary claim constructions.  The parties were not required to identify expert witness testimony that opposed the other party's claim constructions until October 15, 2007—one month after the parties exchanged their preliminary claim construction statements.  MTS has not cited any evidence that contradicts Hysitron's assertion that it did not determine its need to offer Colton's testimony until after it reviewed MTS's preliminary claim construction statement.  Hysitron's failure to identify Colton when the parties exchanged their preliminary claim construction statements did not violate the Pretrial Scheduling Order.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant MTS Systems Corporation's Motion in Limine [Docket No. 47] to exclude Plaintiff Hysitron Incorporated's expert witness from the forthcoming Markman hearing is **DENIED**.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 12, 2008.