IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HYSITRON INCORPORATED, ADM/AJB a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>MTS SYSTEMS CORPORATION, a Minnesota corporation,<br><br>Defendant. | Civil Action No. 07 CV 1533 |

## DECLARATION OF BRIAN PLATT IN SUPPORT OF MOTION TO COMPEL DOCUMENTS

I, Brian Platt, hereby declare as follows:

1. I am an attorney with the law firm of Merchant & Gould, located in Minneapolis, Minnesota, and represent Plaintiff Hysitron, Incorporated ("Hysitron") in the above-captioned action. This declaration is respectfully submitted in support of Plaintiff Hysitron's Motion to Compel Documents.

2. Attached hereto as Exhibit 1 is a true and accurate copy of a letter of transmittal from attorney David P. Pearson of Winthrop Weinstine, attorneys for Defendant MTS Systems Corporation ("MTS"), sent to Hysitron on February 22, 2008.

3. Attached hereto as Exhibit 2 is a true and accurate copy of an email message with sponsored link advertising showing MTS' continued use of the "Hysitron" mark to sell advertising on its website www.mtsnano.com. This document was printed from a Google Gmail account on March 12, 2008. The same sponsored link advertising

for www.mtsnano.com based on the keyword "Hysitron" was observed on April 1, 2008, the date this declaration was filed.

4. Attached hereto as Exhibit 3 is a true and accurate copy of MTS' Response and Objections to Plaintiff's Second Set of Requests for Production of Documents and Things, which was served on Hysitron on February 22, 2008, in response to Plaintiff's Second Set of Requests for Production of Documents and Things, which were served on Hysitron on January 4, 2008.

5. On March 19, the parties held a Rule 37 meet-and-confer telephone conference to resolve these discovery issues. In that meeting, MTS agreed to identify requests where it would provide a response, and state how the parties might narrow the dispute and identify those requests still at issue.

6. On March 27, the parties held a second Rule 37 meet-and-confer telephone conference. In that conference, MTS agreed to provide a response to Requests for Production Nos. 11, 12, 14, and 15, if Hysitron would agree to narrow the scope somewhat. Hysitron agreed, with the understanding that MTS would not withhold documents that mentioned Hysitron, its products, or employees. With regard to the remaining thirty-one Requests for Production, the parties were unable to reach agreement. Pursuant to D. Minn. LR 37.1, Hysitron certifies that the parties conferred in good faith and were unable to resolve these matters without the Court's intervention.

7. Attached hereto as Exhibit 4 is a true and accurate copy of my letter to David Pearson dated March 31, 2008 confirming discussions during the meet and confer discovery conference held on Thursday, March 27, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: April 1, 2008        By: s/ Brian N. Platt
                                   Brian Platt