IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|  |  |
|---|---|
| HYSITRON INCORPORATED,<br>a Minnesota corporation,<br><br>       Plaintiff,<br><br>v.<br><br>MTS SYSTEMS CORPORATION,<br>a Minnesota corporation,<br><br>       Defendant. | Civil Action No. 07 CV 1533 ADM/AJB |

## DECLARATION OF ALLEN HINDERAKER IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Allen W. Hinderaker, hereby declare as follows:

1. I am an attorney with the law firm of Merchant & Gould located in Minneapolis, Minnesota, and represent Plaintiff Hysitron Incorporated ("Hysitron") in the above-captioned action. This declaration is respectfully submitted in opposition to Defendant's Motion for Partial Summary Judgment.

2. Hysitron served its Second Set of Requests for Production of Documents to Defendant MTS Systems Corporation ("MTS") on January 4, 2008. MTS served its incomplete responses on February 22, 2008. MTS' discovery responses did not include any substantive response for document requests 5 and 9-42, which relate to Hysitron's trademark claims. (See Declaration of Brian N. Platt in Opposition to Motion for Partial Summary Judgment ("Platt Decl."), Ex. 5.)

3. The discovery sought in Hysitron's requests for production relates to Hysitron's claims that MTS infringed the HYSITRON mark, through its admitted use of the HYSITRON mark as a sponsored link keyword through Google.com and third-party websites.

4. Hysitron moved to compel complete discovery responses from MTS due to its refusal to provide substantive discovery responses. (See generally Hysitron's Mem. Law Supp. Mot. Compel [Docket No. 84]). Oral argument on Hysitron's motion to compel was heard before Magistrate Judge Boylan on May 1, 2008.

5. MTS' refusal to answer discovery prejudices Hysitron's ability to demonstrate facts by affidavit, regarding MTS' intent in adopting the HYSITRON mark for sponsored link advertising. Intent is a factor in the likelihood of confusion analysis. Documents and discovery sought by Hysitron will shed light on MTS' intent in adopting the HYSITRON mark. Internal communications, contracts, and documentation are relevant to whether MTS had a "nefarious" or "bad" intent in selecting the HYSITRON mark. Hysitron's pending discovery of the following classes of information, which are directed to facts essential to Hysitron's opposition:

- **Request No. 5. Trademark Searches.** MTS' knowledge of the HYSITRON mark is relevant to intent in choosing the mark for advertising purposes.

- **Request No. 17. MTS use of "Hysitron."** Use of the HYSITRON mark defines the scope of MTS' infringement. Intent in adopting the mark may be inferred from the scope MTS' use of the mark.

2

- **Request Nos. 22-33. Third Party Advertising.** The scope of MTS' use of the HYSITRON mark informs the question of intent based the scope of MTS' use of the mark, its agreement with third parties, and MTS' knowledge of the effectiveness of its use of the HYSITRON mark.

- **Request Nos. 34, 35. Website Marketing.** Statistics, server logs, and sponsored link information may show intent based on the effectiveness of MTS' use of the HYSITRON mark.

- **Request Nos. 36, 37. Degree of care.** Knowledge of consumer care may show intent to divert consumers.

- **Request Nos. 39, 40, 41. MTS enforcement actions.** MTS own enforcement actions may provide evidence of an intent to circumvent applicable law.

- **Request No. 42. Keyword Advertising Plans.** Plans for keyword advertising show MTS' contemporaneous intent.

6. MTS' refusal to answer discovery also prejudices Hysitron's ability to demonstrate facts by affidavit regarding incidents of actual initial interest confusion. Hysitron's pending discovery includes the following requests, which are directed to facts essential to Hysitron's opposition:

- **Request No. 17, 22-33. MTS use of "Hysitron," and Third Party Advertising.** MTS actual use of the HYSITRON mark as a Google Sponsored Link, and its use with Third Party Advertisers, defines the scope of MTS' infringement and possible instances of actual confusion.

- **Request Nos. 34, 35. Website Marketing.** MTS statistics, server logs, and website traffic information will show specific information, including trends of use, from which Hysitron will be able to show patterns of use relating to MTS use of the HYSITRON mark. Moreover, MTS' logs likely identify visitors by unique IP address. Such information may uniquely identify visitors to the MTS website by name, or corporate affiliation.

- **Request Nos. 36, 37. Degree of care.** Knowledge of the degree of care exercised by consumers may include customers locating the MTS' website through searches for the HYSITRON mark.

3

7. MTS' refusal to answer discovery prejudices Hysitron's ability to demonstrate facts by affidavit regarding the degree of care exercised by consumers. Hysitron's pending discovery related to degree of care includes the following requests, which are directed to facts essential to Hysitron's opposition:

- **Request Nos. 34, 35. Website Marketing.** Statistics, server logs, and sponsored link usage information will show gross volumes of traffic to the MTS website based on MTS' use of the HYSITRON mark.

- **Request Nos. 36, 37. Degree of care.** To the extent MTS has documentation relating to MTS' knowledge of consumer care, it will be relevant to consideration the degree of care exercised by a consumer.

8. Because MTS' refuses to answer discovery related to Hysitron's trademark claims and MTS' use of the HYSITRON mark, Hysitron is unable to present by affidavit facts essential to justify its opposition to MTS' motion for partial summary judgment on Hysitron's trademark claims. See Fed. R. Civ. P. 56(f).

Dated: May 9, 2008         /s/ Allen W. Hinderaker
                           Allen W. Hinderaker