UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HYSITRON INCORPORATED,            CIVIL NO. 07-1533 (ADM/AJB)

PLAINTIFF,

**ORDER**

MTS SYSTEMS CORPORATION,

DEFENDANT.

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on Plaintiff Hysitron Incorporated's ("Hysitron") Motion to Compel Documents [Docket No. 82], as well as Defendant MTS Systems Corporation's ("MTS") Motion for Protective Order, or in the Alternative, to Stay Discovery Pending Disposition of Motion for Partial Summary Judgment [Docket No. 95]. A hearing was held on May 1, 2008, in the United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. Brian N. Platt, Esq., and William D. Schultz, Esq., represented Hysitron. David P. Pearson, Esq., and Brent A. Lorentz, Esq., represented MTS.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Documents [Docket No. 82] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's Request No. 5 seeking "All documents referring or relating to any formal or informal trademark searches or investigations that relate to Plaintiff's HYSITRON mark" is **denied** as overly broad and unduly burdensome;

2. Plaintiff's Request No. 9 seeking "All documents relating to descriptions of the normal channels of trade for distribution of Defendant's nanomechanical test instruments and

1

related services" is **denied** as the Court finds that the documents Defendant has already produced or agreed to produce adequately respond to this request;

3. Plaintiff's Request No. 13 seeking "Documents sufficient to identify the market Defendant intends to target based on its marketing, promoting, and advertising using the term 'hysitron'" is **denied** as the Court finds that the documents Defendant has already produced or agreed to produce adequately respond to this request;

4. Plaintiff's Request No. 16 seeking "All documents relating to the manner in which Defendant's customers or prospective customers come to the decision to purchase Defendant's nanomechanical test instruments, including, but not limited to, documents identifying the types of people who made these decisions, their job responsibilities, and the procedures and basis under which they made these decisions" is **denied** as overly broad and unduly burdensome;[1]

5. Plaintiff's Request No. 17 seeking "All documents relating to Defendant's actual marketing, promotional, or advertising efforts or activities that use, incorporate, or are generated by Plaintiff's HYSITRON Mark or derivatives thereof" is **granted**;

6. Plaintiff's Request No. 22 seeking "All documents that relate to Defendant's advertising with search engine and third party websites, including but not limited to Google.com and its affiliates, Mapquest.com, AOL.com, Yahoo.com...(hereinafter "Third Party Websites" (this definition is not limited to the examples provided))" is **denied** as overly broad and unduly

---

[1] However, Defendants indicated at the hearing that it is willing to produce and is ordered by this Court to produce documents sufficient to: (1) describe "the characteristics of Defendants' customers and prospective customers to which MTS markets or plans to market" the accused devices; (2) "identify and describe the target or intended customers of" MTS' accused devices; (3) "identify the classes of persons who make the decisions to purchase" MTS' accused device; and (4) show "the types of purchasers, end users, expected purchasers, or expected end users" of MTS' accused devices.

burdensome;

7. Plaintiff's Request No. 23 seeking "All documents relating to contracts, agreements, or other understandings, written and oral, between Defendant and any search engine or third party website concerning advertising and search engine results, including but not limited to Defendant's use of the term 'hysitron' in connection with keyword advertising with Third Party Websites" is **granted**;

8. Plaintiff's Request No. 24 seeking "All documents that relate to the manner in which Defendant's advertisements and search results appear on Third Party Websites" is **denied** as overly broad and unduly burdensome;

9. Plaintiff's Request No. 25 seeking "All Documents sufficient to determine dates on which Defendant placed advertising on Third Party Websites, including but not limited to advertising that related in any way to the term 'hysitron'" is **granted** so long as said request is limited to advertising that related to the HYSITRON term;

10. Plainitff's Request No. 26 seeking "All Documents sufficient to determine Defendant's target market via Third Party Websites advertising, including but not limited to Defendant's selection of a geographic location in connection with the distribution of advertisements" is **denied** as overly broad and unduly burdensome;

11. Plaintiff's Request No. 27 seeking "All Documents relating to correspondence with Third Party Websites regarding Defendant's advertising on those Third Party Websites" is **granted** so long as said request is limited to advertising of the HYSITRON mark;

12. Plaintiff's Request No. 28 seeking "All documents sufficient to identify the keywords submitted to Third Party Websites in connection with Defendant's advertising with

those Third Party Websites" is **granted**;

13. Plaintiff's Request No. 29 seeking "All documents that relate to statistics provided by Third Party Websites regarding Defendant's advertising with those Third Party Websites, including but not limited to the number of times the Third Party Websites served an advertisement and the number of visitors who clicked on Defendant's advertisement that was generated from the 'hysitron' mark" is **granted** so long as said request is limited to statistics based on the number of visitors who clicked on Defendant's advertisement that was generated from the HYSITRON mark;

14. Plaintiff's Request No. 30 seeking "All documents that relate to statistics maintained by Defendant in connection with Defendant's advertising on Third Party Websites" is **granted** so long as said request is limited to statistics maintained by Defendant's in connection with its advertising of the HYSITRON mark on Third Party Websites;

15. Plaintiff's Request No. 31 seeking "All Documents from which Plaintiff can determine the amount of money Defendant has expended on advertising with Third Party Websites, including but not limited to advertising using the term 'hysitron'" is **granted** so long as said request is limited to the amount of money Defendant has expended on advertising the HYSITRON mark;

16. Plaintiff's Request No. 32 seeking "All Documents from which Plaintiff can determine the amount of money which Defendant plans to expend on advertising with Third Party Websites, including but not limited to advertising using the term 'hysitron'" is **granted** so long as said request is limited to the amount of money Defendant plans to expend on advertising the HYSITRON mark;

17. Plaintiff's Request No. 33 seeking "All documents that relate to Defendant's decision to use the term 'hysitron' in connection with keyword advertising on Third Party Websites" is **granted**;

18. Plaintiff's Request No. 34 seeking "All documents that relate to Defendant's advertising, promoting, and marketing of its website mtsnano.com" is **denied** as overly broad and unduly burdensome;

19. Plaintiff's Request No. 35 seeking "All documents that relate to Defendant's usage statistics for its website mtsnano.com from one year prior to the first use of the term 'hysitron' in connection with search engine advertising..." is **granted**;

20. Plaintiff's Request No. 36 seeking "All documents that show the degree of care Defendant's customers exercise in purchasing nanomechanical instruments" is **denied** as overly broad and unduly burdensome;

21. Plaintiff's Request No. 37 seeking "All documents that show the level of sophistication of Defendant's customers that purchase nanomechanical test instruments" is **denied** as overly broad and unduly burdensome;

22. Plaintiff's Request No. 38 seeking "All documents that show the price charged to customers of Defendant's nanomechanical test instruments" is **granted**;

23. Plaintiff's Request No. 39 seeking "All documents relating to Defendant's enforcement of its mark against third parties who use Defendant's trademark in connection with keyword advertising" is **granted**;

24. Plaintiff's Request No. 40 seeking "All Documents relating to Defendant's enforcement of its marks against third parties who use Defendant's trademark in connection with

metatags" is **granted**;

25. Plaintiff's Request No. 41 seeking "All Documents relating to Defendant's enforcement of its marks against third parties who use Defendant's trademark in connection with organic search marketing. For the purpose of this Request, 'organic search marketing' is defined as 'obtaining results in a search engine that are not sponsored'" is **granted**;

26. Plaintiff's Request No. 42 seeking "All Documents relating to any plans to expand the present use of keyword advertising to any other search engine or third party website" is **granted** so long as said request is limited as it relates to the HYSITRON mark; and

27. Plaintiff's Request Nos. 10, 18-21 are **granted** pursuant to discussions with counsel at the hearing and Defendant's motion briefing which indicates that it does not take issue with producing relevant and non-privileged documents responsive to said requests. See Mem. 1 [Docket No. 97].

It is **FURTHER ORDERED** that MTS' Motion for Protective Order, or in the Alternative, to Stay Discovery Pending Disposition of Motion for Partial Summary Judgment [Docket No. 95] is **DENIED** as **MOOT**.


Dated:   May 13, 2008

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge