UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|  |  |
|---|---|
| HYSITRON INCORPORATED,<br>a Minnesota corporation, | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) |
| v. | ) <br> ) |
| MTS SYSTEMS CORPORATION,<br>a Minnesota corporation, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

Civil No. 07-cv-01533 (ADM/AJB)

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**I.  The Complained of Conduct, Which Caused No Actual Confusion and Was Not Likely to Confuse Consumers, Has Ceased.**

Hysitron falsely claims that MTS continues to use "hysitron" as a keyword.  Let there be no mistake—MTS has ceased using the keyword and offered to enter a binding undertaking to that effect.  (Declarations of Brandon Rochelle; Margaret Johns.)

**II.  Hysitron's Reliance on Initial Interest Confusion is Misplaced.**

Courts typically analyze trademark confusion at the time of sale.  Here, Hysitron invokes the initial interest confusion theory to shift the analysis to pre-sale confusion hoping to avoid the undeniable: sophisticated purchasers of this advanced technology know their vendors.  The Eighth Circuit has not expressly recognized this initial interest confusion theory, and others have rejected it.  *Lamparello v. Falwell*, 420 F.3d 309, 316 (4th Cir. 2005), *cert. denied* 126 S. Ct. 1772 (2006).  Irrespective of the initial interest confusion theory, the real question is whether an appreciable number of consumers were likely to have been confused about the source of the goods.  *Gregerson v. Vilana Financial, Inc.*, 84 U.S.P.Q.2D (BNA) 1245, 2007 U.S. Dist. LEXIS 64960, at *13-*14 (applying six-factor test enumerated in *SquirtCo v. Seven-Up Co.*, 628 F.2d 1086, 1090-91 (8th Cir. 1980)).  Hysitron acknowledges that the *SquirtCo* analysis is appropriate on summary judgment review.

Hysitron claims that MTS' ad may have "diverted" consumers away from Hysitron's website.  This argument improperly substitutes possible diversion for "likelihood of confusion"—the proper controlling standard.  "The ultimate inquiry

always is whether, considering all the circumstances, a likelihood exists that consumers will be confused about the source of the allegedly infringing product." *Id.*; *Vail Assocs. v. Vend-Tel-Co., Ltd.*, 516 F.3d 853, 863-64 (10th Cir. 2008); *McNeil Nutritionals, v. Heartland Sweeteners*, 511 F.3d 350, 358 (3d Cir. 2007); *Interstellar Starship Servs., v. Epix, Inc.*, 304 F.3d 936, 942 (9th Cir. 2002). Such confusion was not likely here.

Hysitron cites *Playboy Enters., Inc. v. Netscape Comms. Corp.* for the proposition that MTS' ad sought to capture initial consumer attention. 354 F.3d 1020, 1025 (9th Cir. 2004). Notably, while the *Playboy* court cited *Brookfield Communs. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1062-65 (9th Cir. 1999),[1] as the source of the initial interest confusion theory, it nonetheless applied the traditional factors to assess the likelihood of confusion. *Playboy*, 354 F.3d at 1025. Moreover, the *Playboy* court reasoned that diversion is not infringement unless caused by misrepresentation or confusion. Again, "[t]he likelihood of customer confusion is 'the hallmark of any trademark infringement claim.'" *Gregerson*, 2007 U.S. Dist. LEXIS 64960, at *13. MTS' advertisement was simply not confusing. It clearly identified its source as MTS—not Hysitron. There was no likelihood that an appreciable number of these highly sophisticated consumers would have been confused by the ad's clear reference to MTS.

---

[1] *Brookfield* has been extensively criticized for equating diversion to confusion. *See, e.g., Playboy*, 354 F.3d at 1034-36 (Berzon, J., concurring) (*Brookfield* wrongly "expand[ed] the reach of initial interest confusion from situations in which a party is initially confused to situations in which a party is never confused."); *J.G. Wentworth v. Settlement Funding*, No. 06-0597, 2007 WL 30115, at *6-*7 (E.D. Pa. Jan. 4, 2007); J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 25:69 (4th ed. 2003).

Hysitron's reliance on *Grotrian, Steinweg Nachf. v. Steinway & Sons*, 523 F.2d 1331, 1342 (2d Cir. 1975) is equally misplaced. *Steinway* applied the initial interest confusion theory in a traditional brick-and-mortar context to further one goal of the Lanham Act—to avoid consumer search costs caused by initial confusion. *See Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 163-64 (1995) ("[T]rademark law . . . reduces the customer's costs of [] making purchasing decisions."). This concern does not fit the internet context, and the expansion of non-internet precedents to internet cases has been roundly criticized for this reason. *See, e.g., Savin Corp. v. Savin Grp.*, 68 U.S.P.Q.2D (BNA) 1893, 2003 U.S. Dist. LEXIS 19220, *vacated in part on other grounds*, 391 F.3d 439 (2d Cir. 2004); Jennifer E. Rothman, *Initial Interest Confusion: Standing at the Crossroads of Trademark Law*, 27 Cardozo L. Rev. 105 (2005).

### III. Further Discovery Will Not Address The Dispositive Issues.

Hysitron falsely claims that MTS has refused all discovery on trademark issues. MTS has provided or agreed to provide substantial discovery relating to trademark issues. MTS simply has no documents demonstrating actual confusion and neither does Hysitron.

The discovery Judge Boylan has ordered will not shed light on the likelihood of confusion. Documents relating to communications with third-party websites, MTS' advertising expenses, MTS' advertising unrelated to the term "hysitron," etc. are not probative of the consumer's state of mind. The facts necessary for summary judgment

are before the Court, and Hysitron's filibustering about discovery should not preclude dismissal of these claims.

### IV.  Hysitron Must—But Cannot—Demonstrate Irreparable Harm.

Hysitron asserts that "proof of likelihood of confusion will simultaneously inform the Court regarding irreparable harm." (Response Br. at 32.)  Even if Hysitron somehow prevailed on the merits, it would still be obligated to separately demonstrate irreparable harm.  *See eBay, Inc. v. MercExchange*, 126 S. Ct. 1837, 1839 (2006); *Torspo Hockey Int'l v. Kor Hockey Ltd.*, 491 F. Supp. 2d 871, 881 (D. Minn. 2007).  Hysitron's attempt to distinguish *eBay* because it involved patents fails because *eBay's* reasoning has been applied in trademark cases:

> *eBay*'s holding necessarily extends to the grant of preliminary injunctions under the Lanham Act. . . . Because the language of the Lanham Act . . . is so similar to the language of the Patent Act, we conclude that the Supreme Court's *eBay* case is applicable to the instant [trademark] case.

*N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, ---F.3d---, 2008 WL 918411, at *12 (11th Cir. Apr. 7, 2008).

To obtain a permanent injunction, Hysitron must demonstrate a real, present threat of irreparable harm.  *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986).  It cannot do so.  MTS has discontinued the ad, has no intention of resuming the ad, and has offered to enter an undertaking to that effect.  There is simply no credible, present threat of irreparable harm and injunctive relief is not available.  There is no reason for these claims to proceed.

## CONCLUSION

Hysitron pursues costly, complex litigation hoping to enjoin an ad that is no longer running and that caused no actual confusion when it did. Hysitron says that it "is neither so imprudent, nor wealthy" to pursue this case on the prospect that it is "exceptional" and warrants attorneys' fees, but then immediately admits that that is exactly what it is doing.

Respectfully submitted,

Dated: May 16, 2008          WINTHROP & WEINSTINE, P.A.

By: s/ David P. Pearson
   David P. Pearson, #84712
   William A. McNab, #320924
   Jessica S. Karich, #0387156
Suite 3500
225 South Sixth Street
Minneapolis, Minnesota 55402
Tel:    (612) 604-6400
Fax:    (612) 604-6800

*Attorneys for MTS Systems Corporation*

3809956v3